ORSON C. LINDERMAN, Respondent, *v.* MARION J. FARQUHAR-
SON, Appellant.

Prior to the passage of the Enabling Act of 1884 (Chap. 381, Laws of 1884),
  a married woman, who had no separate estate and was not engaged in any
  separate business, was incapable, by reason of her coverture, of making
  a contract.

Even where she had a separate estate, a promissory note made by her was
  open to the defense of want of consideration, although in the hands of a
  *bona fide* holder for value.

Where, therefore, a married woman, in 1879, voluntarily gave her promis-
  sory note for the amount of a claim against her husband, without any
  request on his part that she should become security for him, and without
  any consideration, either by way of a transfer of the claim to her or
  otherwise, and, in an action upon the note, there was no allegation or
  finding that she had any separate estate ; *held*, that want of consideration
  was a good defense, although plaintiff was a *bona fide* purchaser for
  value, and although by the terms of the note the same was made a charge
  on defendant's separate estate.

(Argued December 18, 1885 ; decided March 2, 1886.)

APPEAL from order of the General Term of the Supreme
Court, in the fifth judicial department, made April 20, 1883,
which reversed a judgment in favor of defendant, entered
upon the report of a referee, and granted a new trial.

The nature of the action and the material facts are stated in
the opinion.

*George H. Phelps* for appellant. The defendant was an
entire stranger to the transaction between her husband and his
creditor, and her promise embodied in the note was an entirely
distinct and independent transaction and was entirely without
consideration. (*Cary* v. *White*, 52 N. Y. 138 ; *Farnsworth*
v. *Clark*, 44 Barb. 601 ; Chitty on Cont. 52 ; 1 Pars. on Cont.
391–2, 496–7 ; *Ward* v. *Adams*, 24 Me. 177.) This obliga-
tion is not governed by the law-merchant, and therefore the
plaintiff, notwithstanding his alleged *bona fide* purchase, stands
in the position of the creditor, Lovell, with no superior equities,

and the defense of want of consideration, if established, must prevail, as though no transfer had been attempted. (*Loomis* v. *Rusk*, 56 N. Y. 462.)

*Frank Rumsey* for respondent. The affirmative allegations in the answer that there was no consideration for the note will not put in issue the contrary allegation in the complaint. (*Fleishman* v. *Stern*, 15 Weekly Dig. 274.) There was an actual and sufficient consideration of the execution of the note by the defendant. (*Hienman* v. *Moulton*, 14 Johns. 468.) Looking at the obligation in suit as a collateral security for the payment of the principal debt there is sufficient consideration to support it. (*Grocers' Bk.* v. *Penfield*, 7 Hun, 281; *Place* v. *McIlwain*, 38 N. Y. 96; *Thompson* v. *Grey*, 63 Me. 228; *Mut. L. Ins. Co.* v. *Smith*, 23 Hun, 535; *Stewart* v. *McGann*, 1 Cow. 99; *Eling* v. *Vanderlyn*, 4 Johns. 237; *Todd* v. *Ames*, 60 Barb. 454; *Manhattan B. & M. Co.* v. *Thompson*, 58 N. Y. 82; *Penn. Coal Co.* v. *Blake*, 85 id. 226; *Thompson* v. *Gray*, 63 Me. 228; *Wheeler* v. *Slocumb*, 16 Pick. 52; *Boyd* v. *Freize*, 5 Gray, 554.) The conclusion of the referee that the note in suit was non-negotiable and not governed by the rules of the law-merchant was erroneous. (*Third Nat. Bk.* v. *Blake*, 73 N. Y. 260; *Woolsey* v. *Brown*, 11 Hun, 55; *Manhattan B. & M. Co.* v. *Thompson*, 58 N. Y. 82.) A married woman is liable upon her accommodation indorsement in which her separate estate is charged. (*Corn Exch. Ins. Co.* v. *Babcock*, 42 N. Y. 613; *Third Nat. Bk.* v. *Blake*, 73 id. 260; *Bodine* v. *Killeen*, 53 id. 96; *Ackley* v. *Westervelt*, 86 id. 448; *Tiemyer* v. *Turnquist*, 85 id. 516; *Hall* v. *Wilson*, 16 Barb. 549.) If it should be held that a note in suit is not governed by the law-merchant, the principle of estoppel should apply to it in the hands of the plaintiff. (*Bodine* v. *Killeen*, 53 N. Y. 96; *Smyth* v. *Munroe*, 84 id. 354; *Anderson* v. *Mather*, 44 id. 249.)

RAPALLO, J. This action was brought upon a promissory note dated April 3, 1879, made by the defendant and Frank

H. Farquarson, whereby, for value received, they promised to pay to James Lovell or order, $800, with use, nine months after date, and made the same a charge on their separate estate; which note was before maturity transferred for value by Lovell to the plaintiff in this action.

The answer admitted the making of the note described in the complaint, but set up, among other defenses, that it was given without consideration.

The referee before whom the issues were tried, found as facts that on the 3d of April, 1879, James H. Farquarson was indebted to James Lovell for corn sold; that James H. Farquarson was the husband of the defendant, and on the day named, being sick, *in extremis*, and unable to converse or transact any business, Lovell came to him with a view of settling up the business between them, and was informed by his wife, the defendant, that his physicians had forbidden any interview, and declined permitting Lovell to see him; that Lovell and Frank H. Farquarson, the son of James H., then looked over the accounts between Lovell and James H. Farquarson and found due to Lovell the sum of $1,084, for which Lovell requested Frank H. and the defendant to give him their notes, with which request they complied and gave two notes, one of which is the note described in the complaint; that as between Lovell and the defendant, the note described in the complaint was wholly without consideration; that James H. Farquarson died within a few days after the making of the note; that after the making of the note and before it became due, Lovell the payee, sold and transferred it, for value, to the plaintiff without notice of the want of consideration; that at the time the note was made and at the time of his death James H. Farquarson was insolvent.

The referee found as conclusions of law that the instrument described in the complaint was made without consideration and, in the hands of the plaintiff, was not entitled to the benefit of strictly commercial paper, and that the plaintiff was not entitled to recover.

No further findings were requested, and there was no finding

and no allegation in the complaint, either that the defendant had any separate estate or that she was engaged in any separate business. In the absence of either of these facts, she was incapable, by reason of her coverture, of making a contract, prior to the passage of the Enabling Act of 1884. (Laws of 1884, chap. 381; *Yale* v. *Dederer*, 18 N. Y. 265; *S. C.*, 22 id. 450; *Corn Exch. Bank* v. *Babcock*, 42 id. 613; *Loomis* v. *Ruck*, 56 id. 462.)

It was only in the cases specified in the statutes of 1848, 1849, 1860, 1862, that married women were, prior to 1884, capable of making contracts or of being sued thereon. But even if the appellant had a separate estate, and that fact had been alleged in complaint, the referee was correct in holding that the instrument described in the complaint was not entitled in the hands of the plaintiff to be treated as strictly commercial paper, and that the defense of want of consideration was open to the defendant as against the plaintiff. (*Loomis* v. *Ruck*, 56 N. Y. 462.)

It is only where a married woman is carrying on a separate business, that notes given by her could, before the act of 1884, be treated as commercial paper.

The referee's finding that the note was without consideration is not inconsistent with the other facts found by him. The defendant appears to have given the note voluntarily, at the request of Lovell, and merely for the purpose of preventing her husband being harassed, when on his death-bed, by the importunities of a creditor. She simply gave a written obligation to pay a debt of her husband, which she did not owe, receiving nothing in return. The evidence may be resorted to for the purpose of sustaining a judgment, although it cannot be resorted to for the purpose of reversing it, except under special circumstances, which do not exist here, and it appears from the testimony of the defendant that she received nothing, and no promise of any thing, for signing the note; that Lovell did not assign or release any claim he had against her husband. Even if the testimony of Lovell conflicted with this statement, the referee had the right to give credit to the defendant, and his finding

of fact that she received no consideration cannot be disturbed, the reversal at General Term not having been made on any question of fact. Even an extension of time is not necessarily to be inferred from merely taking a collateral security payable at a future date. (*Cary* v. *White*, 52 N. Y. 138.) But here the debtor was not even a party to the transaction, and was, so far as appears, ignorant of it.

The case is not similar to that of *Grocers' Bank* v. *Penfield* (79 N. Y. 502), where it was held that an accommodation note loaned to the payee for the purpose of enabling him to obtain credit, and without any restriction as to its use, is valid in the hands of an indorsee who received it as security for an antecedent debt. In such a case the existence of the antecedent debt is a sufficient consideration for the transfer, to give vitality to the note. But here there was no indebtedness on the part of the defendant to Lovell, and Farquarson never requested the defendant to become surety for him, and he was not a party to the transaction. She was a mere volunteer, and the case is a simple one of one person volunteering to promise to pay the debt of another, without any consideration and without any relation of principal and surety being established between them. If she had voluntarily paid and extinguished the debt without any request on the part of the debtor, or any circumstance obliging her to pay it, it is difficult to see what recourse she could legally have against him. She might have taken an assignment of the claim, but in that case she could claim only as transferee of the right of the creditor, and not for money paid as his surety.

The order of the General Term should be reversed, and the judgment on the report of the referee affirmed.

All concur.

Order reversed, and judgment affirmed.