SPRAGUE NAT. BANK OF BROOKLYN *v.* HAULENBEEK.

*(Supreme Court, General Term, First Department.  June 19, 1888.)*

NEGOTIABLE INSTRUMENTS—FAILURE OF CONSIDERATION—TRANSFER BEFORE MATURITY.
   Where plaintiff in an action against the maker of a promissory note introduced the note, which, with the indorsement of the payee's name and of others, was read in evidence, and notice of protest was admitted by defendant, as the law raised the presumption that the note was transferred to plaintiff before maturity upon testimony on behalf of defendant that he had made the note, and given it to another to get it discounted, and bring him the proceeds, which was not done, and that no value was ever received by him for the note, plaintiff was entitled to recover.

Appeal from circuit court, New York county.

Action by the Sprague National Bank of Brooklyn against Peter Haulenbeek on a promissory note.  Judgment upon the verdict of a jury was entered for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Kelly & Macrae,* for appellant.  *Arnoux, Ritch & Woodford,* for respondent.

MACOMBER, J.   Both parties asked the court, at the close of the evidence, to direct the jury to render a verdict in their behalf, respectively.  The trial judge was by consent thus substituted in place of the jury to decide the case. When this is done by the parties, they must be deemed to acquiesce in the withdrawal of the whole case from the consideration of the jury, and they cannot afterwards be heard to complain of the course of procedure further, and that the verdict should have been directed for the other side.  Indeed, in this case, we find no exception taken to the decision, or to the refusal of the judge to direct the verdict in favor of the defendant, as requested.

On the merits of the case, the verdict was properly directed for the plaintiff.  The promissory note was produced, and it was, together with the indorsement of the payee's name and others, read in evidence.  Notice of protest was admitted by the defendant in court.  This established the plaintiff's title, which, with the presumption that the same was transferred to the plaintiff before maturity, which the law makes, entitled the plaintiff to recover. *Bank* v. *Crow,* 60 N. Y. 87.  To defeat this right the defendant testified that he made the note, and gave it to one Henry Morris, who was treasurer of the Textile Filter Company, for the purpose of being discounted, and to bring the proceeds to him, which was not done, and that no value was ever received by him for the note.  But this is not, standing alone, sufficient to defeat a recovery.  The plaintiff was presumed to be a holder for value before maturity, in the absence of evidence of notice of such defense.  The want of consideration between the original parties did not change the presumption, or require actual proof of the payment of a consideration, and an actual transfer before maturity.  Being payable at a time after its date, the plaintiff held it clothed with the presumption that it was negotiated for value, in the usual course of business, before maturity, and without notice of any equities between the prior parties to the instrument.  *Collins* v. *Gilbert,* 94 U. S. 753.  Such being the rule, it was incumbent upon the appellant to show affirmatively that the plaintiff had notice of the diversion of the paper.  The case does not fall within that class of cases cited by appellant's counsel where the paper was obtained by duress, fraud, or theft; for the appellant made and delivered the instrument to Morris for the express purpose of having it negotiated, and put in circulation, and the only just cause of his grievance is the failure of his agent, who was to negotiate it, to return the proceeds to him. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concur.