JOSEPH B. MOORS *vs.* C. EVERETT WASHBURN.

Suffolk.   March 26, 1888. — June 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Collateral Security — Pledgee's Interest in Damages for Conversion.*

An agreement by a pledgor recited that the pledgee might hold and apply collateral security held by him, not only for the specific debt secured, but also as "general collateral security for any and all indebtedness or liability existing or which might hereafter exist" between them, "whether previous to the giving of said security or subsequent thereto." *Held*, that the pledgee might apply the security when he received enough from it to pay the specific debt secured to the payment of such general indebtedness.

The collateral security consisted of wool deposited in a warehouse in the pledgee's name, and the warehouseman recovered judgment for its subsequent conversion. Meanwhile the pledgor replevied the wool from the person converting it, but for the benefit of the pledgee, who, together with the pledgor, became surety on the replevin bond, and who sold the wool and applied the proceeds to the pledgor's indebtedness to him. Judgment for the defendant was rendered in replevin and a return of the wool was ordered, whereupon a settlement was effected by deducting from the judgment for the conversion an amount agreed to represent the liability of the sureties on the replevin bond. *Held*, that the pledgee could apply the balance of such judgment in further reduction of the pledgor's indebtedness to him.

BILL IN EQUITY, changed in the Superior Court from an action of contract for money had and received, to establish a trust in the same fund for the benefit of the plaintiff, doing business under the name of J. B. Moors and Company. Hearing before *Dewey*, J., who made certain findings of fact, and ordered the bill to be dismissed; and the plaintiff appealed to this court. The facts appear in the opinion.

*H. L. Harding*, for the plaintiff.

*C. E. Washburn, pro se.*

W. ALLEN, J. The defendant Washburn has in his hands money collected on a judgment in an action of trover brought by one Pratt against the Boston Heel and Leather Company, for the conversion of fifteen bags of wool, in which action Washburn was the attorney for the plaintiff, and is the assignee from him of the judgment. One Moore was the general owner of the wool, and had pledged it to the plaintiff as collateral security, and it was stored in the plaintiff's name with Pratt as a warehouseman, when it was converted by the Boston Heel and Leather Company. The judgment was for $1,758, the value of the wool. The only interest Pratt had in the wool was his lien as warehouseman; but that has been satisfied, and the right to the fund is in the plaintiff or in Moore, subject to the claim of the defendant Washburn for his fees, which is not in dispute.

The defendant says, in the first place, that the debt which was secured by the wool has been paid. The agreement under which the wool was pledged recited that Moore transferred the wool to the plaintiff as collateral security for the payment of Moore's note, which was described, and contained these words: " It is understood and agreed by me that the conditions printed

or written on the other side, and assented to by my signature, shall form part of this contract." One of the conditions referred to was this : " Any and all collateral security held by J. B. Moors and Company for my account, whether under the within contract or otherwise, may be held and applied by said ' J. B. Moors and Company, not only as security for the specific indebtedness within mentioned, but also as general collateral security for any and all indebtedness or liability existing, or which may hereafter exist, from me to you, whether previous to the giving of said security or subsequent thereto." There is no ambiguity in this ; the contract is explicit that the security held under it may be held as general collateral security for present and future indebtedness, and the claim of the defendant, that the right of the plaintiff to the security ceased when he received enough from it to pay the note specifically secured by it, cannot be sustained. The plaintiff had a right to treat it as security for the large general indebtedness of Moore to him.

The other objection is, in effect, that the plaintiff, having sold the wool and applied the proceeds upon the indebtedness it secured, cannot also hold the damages recovered for its conversion. The material facts upon which this objection is founded are, that, after the action of trover was commenced against the Boston Heel and Leather Company for the conversion of the wool, it was replevied from that company in an action in the name of Moore, but for the benefit of the plaintiff, and delivered to the plaintiff, who sold it for more than enough to pay the note specially secured by it, and applied the proceeds on Moore's general indebtedness. The plaintiff was one of the sureties on the replevin bond. Judgment was rendered for the defendant in replevin, and a return of the goods was ordered on the same day on which judgment was entered in the action of trover. The plaintiff advised with the defendant Washburn in regard to both suits. A settlement was made of both suits, and the judgment in the action of trover was satisfied on discharging the replevin bond, and on the payment of $750 by the Boston Heel and Leather Company. Pratt, the plaintiff in trover, represented in that action the interests of the general owner and of the pledgee ; the replevin was by the general owner, at the request and for the benefit of the pledgee. The general owner

and the pledgee were both upon the replevin bond, and the defendant in replevin was entitled to recover of them the value of the goods as found in that action, and was liable in the action of trover to pay for their benefit the value of the goods as found in that action.

Whatever may have been the effect of the order of return, the satisfaction of the judgment in the action of trover fixed the general property in the wool in the defendant in that action, and substituted the damages in that action for the property converted. Moore and the plaintiff, as the real party who replevied and party to the bond, were bound to return the wool to the Boston Heel and Leather Company, and, failing to do that, were liable for its value on the replevin bond for the benefit of that company. The parties discreetly settled the whole matter by deducting the agreed amount of the liability of Moore and the plaintiff on the replevin bond — which seems to have been the amount for which the plaintiff had sold the wool — from the amount of the judgment in the action of trover. We are at a loss to see how this could give to Moore any right, as against the plaintiff, to the damages in that action, or release them from the plaintiff's lien as pledgee of the wool. If the plaintiff should receive, in all, less than the amount of the judgment in trover, it would be in consequence of the replevin of the property by Moore, and of the sale of the property by the plaintiff under the possession obtained by the replevin, which was valid as to Moore ; if he should receive more, it would be for the benefit of Moore, in the same manner as if the property had been sold for more than its value.

We do not regard the assignment of the judgment by Pratt to the defendant Washburn as material.

*Decree for the plaintiff.*