ises, and brought there a dog, which he occasionally used to churn butter made for the farm. The dog was vicious, and bit plaintiff. Defendant knew nothing personally of the bad disposition of the dog. *Held*, that he was not liable to plaintiff in damages for the injuries from the biting.

Appeal from circuit court, Dutchess county.

Action by John Simpson, an infant, suing by William H. Simpson, his guardian *ad litem*, against Charles Griggs. From a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*H. H. Hustis*, for appellant. *Schlosser & Wood*, for respondent.

BARNARD, P. J. The defendant and others occupied, under a lease from Mrs. Hunt, a farm in Wappinger's, Dutchess county. There was a brick-yard on the farm, which was operated by Griggs & Co. They employed one Ward to work the farm. Ward occupied a farm-house on the premises, and the defendant and his partners had the proceeds of the farm. Ward occupied the house as a hired man, and the occupancy was a part of the compensation for the labor of Ward. Ward brought a dog with him when he went there, and this dog was kept by Ward at the house he occupied on the farm of Griggs' land in Wappinger's. While Ward denied his ownership of the dog, it is manifest that he did own him, and had absolute and sole control over him. The dog was vicious, and bit the plaintiff. The defendant knew nothing of the bad disposition of the dog, other than is implied from a knowledge by Ward that the dog was savage, and would bite mankind. The defendant's liability was based upon the proof that he employed Ward, and Ward brought the dog with him, and that the defendant's firm had the proceeds of the farm, and that the employe, Ward, occasionally used the dog to churn butter which was made for the farm. The employer does not harbor a dog because he knows that his hired man has one in his family, which occupies a separate residence. *Auchmuty* v. *Ham*, 1 Denio, 495. The defendant knew nothing of the evil qualities of the dog personally, and had no power over him. The judgment and order denying a new trial should therefore be reversed, with costs to abide event.

---

## HADLEY v. REED.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

NEGOTIABLE INSTRUMENTS—CONSIDERATION—MARRIED WOMEN.

　　A note given by a married woman to one of her children to equalize the distribution of her estate among them, without other consideration than natural love and affection, is void; and her other children, in an action against the estate, are not estopped from disputing it, where there was no act or declaration on the part of any of them to mislead the payee.

Appeal from circuit court, Westchester county.

Action by Ella S. Hadley against Mary Jane Reed, as administratrix of Jane Lu Gar, deceased, upon a promissory note made by said Jane Lu Gar payable to the order of plaintiff, one of her daughters, and alleged to have been given to equalize the distribution of the estate of the maker among her children. From a judgment for defendant entered on the dismissal of the complaint on trial by the court, a jury having been waived, plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Martin J. Keogh*, for appellant. *John Chetwood*, for respondent.

PRATT, J. The law seems to be firmly settled that natural love and affection do not constitute a sufficient consideration to support an executory contract. *Whitaker* v. *Whitaker*, 52 N. Y. 372; *Fink* v. *Cox*, 18 Johns. 145; *Harris* v. *Clark*, 3 N. Y. 93. Starting from this point, the question arises

whether there is anything to take the case from under this rule. The counsel for the appellant claims that the note was given to equalize the distribution of the maker's estate among her children; but this would not be a sufficient consideration. *Parish* v. *Stone*, 14 Pick. 198. Neither has the claim that the defendant and the other heirs are estopped from denying the validity of the note any merit. The note was given by the maker of her own free will, and the consent of her other children was neither necessary nor asked nor given. Besides, all the children were not present at any one time when the matter was talked over, and there is no proof of any act or declaration on the part of the defendant, or any of her sisters, which could be said to have misled the plaintiff. Again, the maker being a married woman at the inception of the note, there is no proof that she was carrying on a separate business, or that it was made for the benefit of her separate estate, or that it was for property furnished at the time. The note, therefore, being without consideration, was void. *Linderman* v. *Farquharson*, 101 N. Y. 434, 5 N. E. Rep. 67; *Bank* v. *Pruyn*, 90 N. Y. 254. The judgment must be affirmed, with costs.