(6 Misc. Rep. 81.)

MECHANICS' & TRADERS' BANK v. LIVINGSTON et al.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. NEGOTIABLE INSTRUMENTS — RIGHTS OF TRANSFEREE AGAINST ACCOMMODATION MAKER.
    Transferee of negotiable note taken before maturity as collateral security for a precedent debt is a holder for value, and he may enforce it against an accommodation maker, if there be no diversion or other fraud in its acquisition.

2. SAME—NOTICE.
    Notice that the note was accommodation paper, without more, will not affect the holder's right of recovery.

3. SAME—BURDEN OF PROOF.
    By production of the note, plaintiff makes a prima facie case, and it then devolves on defendant to defeat the apparent right.

4. PLEDGE—SPECIAL SECURITY—DISCHARGE.
    Collateral security for one debt may not be applied to another, nor be retained after the specific debt is discharged.

5. SAME—GENERAL SECURITY—RIGHTS OF PLEDGEE.
    But collateral security for a general account may be applied to any debt of the account.

6. APPEAL—RULINGS ON EVIDENCE.
    To be admissible as of right, evidence must appear competent when offered; and while, in the exercise of discretion, the court may receive it provisionally, a refusal so to do is not reversible error.

(Syllabus by the Court.)

Appeal from city court, general term.

Action on a promissory note by the Mechanics' & Traders' Bank against Frederic Livingston and another. From a judgment (23 N. Y. Supp. 814) affirming a judgment entered on a verdict for plaintiff, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George F. Martens, for appellants.
Charles Strauss, for respondent.

PRYOR, J. To an action on a negotiable note the defense is that it was made for the accommodation of the payees, that it was transferred to the plaintiff as collateral security for a previous loan, and that the loan has been repaid. That the loan has been repaid is not controverted; and, if the fact be that the pledge of the note was as security only for the specific loan, then, beyond question, the defendants were entitled to the verdict, upon the settled principles that a security for one debt cannot be applied to another, (Duncan v. Brennan, 83 N. Y. 487; Bank v. Bell, 125 N. Y. 38, 42, 25 N. E. 1070; Wyckoff v. Anthony, 9 Daly, 417,) and that, when the debt is discharged, the pledgee's interest in the security is extinguished, (Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189; Farwell v. Bank, 90 N. Y. 483.) But the terms of the agreement under which the collateral is received may authorize it to be held for the satisfaction of all debts against the pledger, and, if so, it may be applied to the payment of any debt. Moors v. Washburn, 147 Mass. 344, 17 N. E. 884; Eichelberger v. Murdock, 10 Md. 373. This was the contention of the plaintiff, namely, that the note was delivered by the payees as security "for their account in general," and that upon that account they are still indebted to the plaintiff in the sum of $6,000. The issue thus raised was strenuously contested, might well have been determined either way upon the evidence, and was submitted to the jury on a charge to which neither party took exception. A tribunal for the decision of questions of law only, we have no jurisdiction to disturb the verdict, unless, as appellants allege, error appears in the rulings on evidence.

Assuming the note to be accommodation paper, the defendants contended on the trial that it was incumbent upon plaintiff to show itself a holder for value, and for value independent of an existing indebtedness; and the court, with extreme indulgence to the appellants, so instructed the jury. The proof exacted of the plaintiff was more than the law required. Upon production of the note plaintiff presented a prima facie case, and it devolved on defendants to impugn the apparent right of recovery. Bank v. Wood, (Sup.) 19 N. Y. Supp. 81; Bank v. Haulenbeek, (Sup.) 1 N. Y. Supp. 629; Bank v. Crow, 60 N. Y. 85. Conceding the note taken as security for a precedent debt, with notice of its accommodation character, still, as it was received before maturity, and no diversion or other fraud was pleaded or proved, plaintiff's right of recovery was indefeasible. Schepp v. Carpenter, 51 N. Y. 602; Bank v. Penfield, 69 N. Y. 502; Freund v. Bank, 76 N. Y. 352, 358; Bank v. Townsend, 87 N. Y. 8;

Harger v. Worrall, 69 N. Y. 370; Linderman v. Farquharson, 101 N. Y. 434, 438, 5 N. E. 67; Bank v. Vanderhorst, 32 N. Y. 553. "He who chooses to put himself in the front of a negotiable instrument for the benefit of a friend, must abide the consequences; and has no more right to complain if his friend accommodates himself by pledging it for an old debt than if he had used it in any other way." Black, C. J., in Lord v. Bank, 20 Pa. St. 384. When a man gives his accommodation paper without restriction in its use, authority is imparted to apply it to any purpose; and, since he who takes it as collateral security for a precedent debt holds it for value, mere knowledge of the accommodation cannot impair his right to enforce it. Benjamin v. Rogers, 126 N. Y. 60, 68, 26 N. E. 970. It follows, therefore, that the court rightly rejected proof that the note was accommodation paper, and that it was transferred to plaintiff for a precedent debt only, because the facts, if shown, would not have defeated the recovery. The court excluded evidence of which the competency was not then apparent, but which the appellant promised to "connect." The rule is familiar that, to be admissible, evidence must be competent when offered, unless, in its discretion, the court receive it provisionally. A refusal to exercise the discretion is not the subject of review. No error of prejudice to appellants is disclosed in the record. Judgment affirmed, with costs. All concur.