(7 Misc. Rep. 405.)

## WEAVER et al. v. FARRINGTON et al.

(Common Pleas of New York City and County, General Term. March 15, 1894.)

NEGOTIABLE INSTRUMENTS—ACCOMMODATION PAPER—CONSIDERATION.

In an action on a promissory note, an answer which alleges that defendant indorsed the note for the accommodation of the maker, who transferred it to plaintiff as collateral security for the existing indebtedness of the maker, does not state a defense, where there is no allegation that there was either fraud or diversion in such transfer. 26 N. Y. Supp. 78, affirmed.

Appeal from city court, general term.

Action by William H. Weaver and others against Joseph T. Farrington and another on a promissory note made by defendant George Blair and indorsed by defendant Farrington. From a judgment of the city court (26 N. Y. Supp. 78) affirming a judgment entered on a verdict directed by the court in favor of the plaintiffs, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

S. C. Mount, for appellants.

N. S. Carr, for respondents.

PER CURIAM. The facts which the appellant Farrington, the indorser, sets up in his answer, establish the right of the plaintiff to recover, for, while alleging that he indorsed the note for the accommodation of Blair, he avers, substantially, that the latter transferred it to the plaintiff as collateral security for an existing indebtedness of Blair, and nowhere alleges that there was either fraud or diversion in such transfer. In the case of Bank v. Livingston, 55 N. Y. St. Rep. 394, 26 N. Y. Supp. 25, we held that the transferee of a negotiable note, taken before maturity as collateral security for a precedent debt, is a holder for value, and he may enforce it against the accommodation maker and indorser, if there be no diversion or other fraud in its acquisition. None of the defenses which were attempted to be proved on the trial were set up in the answer, and were therefore properly excluded. The judgment must be affirmed.