BISCHOFF, J.
The action was upon a promissory note for $1,000, without interest, payable four months after date, and made by II. B. Kirk & Co. in their firm name to the ' rder of the defendant Break, the firm name being at that time composed of all the defendants. The only defense litigated was that the note was issued by the payee for his own accommodation, and at his request discounted by one B. L. Luddington, pursuant to an agreement whereby the *465 former consented to a deduction from the face amount of the note of a sum equal to the interest at the limit of the legal rate,—6 per centum per annum,—and promised to pay $50 additional. The note was produced upon the trial by the plaintiff, and bore the indorsements only of the payee and of Marietta Luddington, the wife of B. L. Luddington, in the order as named. Two witnesses only were called,— B. L. Luddington for the plaintiff, and Breek, the payee, for the defendants. The testimony of these witnesses, with the note and the certificate of protest, at the request of the plaintiff, and two checks, alluded to by the witnesses,— one by Mrs. Luddington, to the order of H. B. Kirk & Co., admittedly received by the payee, and for the amount of the note, less a sum equal to the interest at the rate of 6 per centum per annum; and the other, for $50, given by the •payee to B. L. Luddington,—was all the evidence adduced. Luddington testified to the effect that when the payee applied to him to discount the note for the makers he undertook to have such done by the plaintiff explicitly, and upon Mrs. Luddington’s indorsement, in consideration of the payee’s promise to suffer a deduction equal to the interest at the limit of the legal rate, and to pay him (Luddington) $50 for his services in the procuration of such indorsement and discount. He further testified that the note was thereupon indorsed by Mrs. Luddington, and so discounted by the plaintiff at the rate of 5 per centum per annum, the avails being credited to Mrs. Luddington’s account with the plaintiff; and that later he paid payee, by Mrs. Luddington’s check upon such account to the order of H, B. Kirk & Co. the makers, the amount of the note, after deducting therefrom a sum equal to the interest at the rate of 6 per centum per annum, and received from the payee, Breck, by check to his order, $50 for his services, as agreed. Breck’s version of his negotiations with Luddington only differed from the latter’s in so far as the former denied that anything was said with regard to either Mrs. Luddington’s indorsement or a discount of the note by the plaintiff, and that he had any recollection that the $50 were stated to be for Luddington’s services. In other words, Breck’s testimony was to the effect that he supposed he was dealing with Luddington as the proposed lender. The trial court directed a verdict for the plaintiff in the full amount of the note, with interest from its maturity, and protest fees added, to which direction the defendants (appellants) excepted.
The burden of the present appeal is that, because Luddington was a witness interested in the event of the action, his *466 credibility was to be determined by the jury, and that, therefore, it was error to withdraw the case from the latter’s consideration. We do not accede to the defendants’ appellants’) contention, and are of the opinion that the case was rightly disposed of in the court below. The evidence-was, in any aspect thereof, insufficient to support the defense and the withdrawal from the jury of immaterial questions of fact is not error. Baldwin v. Doying, 114 N. Y. 452, 23 St. Rep. 759. The defense was that the note was void in the hands of the plaintiff for usury on the part of B.
L. Luddington, an alleged prior holder. The answer did not specifically mention Luddington as a holder, but obviously, usury, in the case at bar, was predicable only of an agreement for excessive interest on the part of the holder of the note. Without substantiation of the defense by sufficient evidence, the mere production of the note by the plaintiff entitled the latter to a recovery. Lawson, Pres. Ev. 77; Bank v. Crow, 60 N. Y. 85; Bank v. Livingston, 6 Misc. Rep. 81, 55 St. Rep. 394. The rule AA'hich requires the submission of the testimony of a witness shoAArn to have an interest in the eArent of the action to the jury does not apply to a case AA'here there is no conflict in the evidence, or there are no circumstances from Avhich an inference against the facts so testified to can be draAvn. Kelly v. Burroughs, 102 N. Y. 93, 1 St. Rep. 161. It does not go to the length of enabling the jury to find, without evidence, a state of fact in conflict with the facts as they appeared from the testimony rejected. Disregarding Luddington’s testimony, which, in the-light of the defense, Avas in effect no more than a denial that he personally discounted the note, Avhat Avas there in the evidence to shoAV that he did discount it? Seemingly at a loss to point at anything, the counsel for the defendants (appellants) contents himself in his brief with saying that Luddington “undertook” to discount the note. The circumstance of Mrs. Luddington’s check to the order of the defendants, however, tended rather in the direction of Luddington’s denial of having discounted it for himself, and from Break’s version of his negotiations with Luddington it at most appeared that the latter entered into an executory agreement to discount the note for his OAvn account, at a rate exceeding the limit of the legal rate of interest. For aught that appears, Luddington never was a party to the note, as holder or otherwise, and his agreement to discount the note for himself Avas never consummated. It is mere surmise or conjecture, therefore, to say that the note ever had an inception in Lad-, dington’s hands, or that he Avas at any time more than its-custodian. His mere proposal to discount the note at a usurious rate could not have the effect of tainting it AA’itli usury *467 in the hands of one who subsequently acquired it neither from him nor a person in privity with him, but from the original parties, or some one in privity with such parties. To say that the evidence warranted a finding of usury by Luddington, and the avoidance of the note in the plaintiff’s hands, would require our approval of the proposition that the negotiability of a promissory note is forever destroyed after it has once been exposed to an offer to discount it at a usurious rate, and that by one not a party thereto. The circumstances present no element of an estoppel against the plaintiff. Hence the payees’ or makers’ belief that they Avere dealing with Luddington as lender Avas wholly immaterial. Lee v. Chadsey, 3 Abb. Dec. 43. Probably in view of the force of what has been said the counsel for the defendants (appellants) urges that the jury were authorized by the evidence to find that the note Avas first discounted by Mrs. Luddington acting by her husband as her agent, and to impute her agent’s exaction of more than the limit of the legal rate of interest to her. A conclusive ansAver thereto, hoAvever, is that the defense, as alleged, Avas not predicated of an agreement Avith or a loan by Mrs. Luddington, but of an agreement with and a loan by her husband, and that no amendment of the answer was asked for or had. We cannot infer the substitution and litigation by consent of the parties of a different issue, since the evidence submitted without objection was admissible under the issue made by the pleadings; nor should an amendment of the ansAArer be alloAved upon appeal only to enable us to reverse the judgment. Furthermore, Mrs. Luddington’s assent to her agent’s exaction of more than legal interest Avas a constituent of the defense of usury upon her part (27 Am. & Eng. Enc. Law, 1004, and cases there collated), and the evidence was not open to a finding of the fact of such assent. Clearly, a verdict for the defendants upon the issue made by the pleadings and tried would have been contrary both to the law and to the evidence.
The judgments of the general and trial terms of the court beloAV should be affirmed, with costs.
All concur.