The Dutchess County Mutual Insurance Company, Respondent, *v.* Albert Hachfield et al., Appellants.

A purchaser for value of stolen negotiable securities will be protected unless the circumstances are such that an inference can fairly and legitimately be drawn that the purchase was made in bad faith or with notice of defective title in the seller; to defeat his title it is not sufficient to show that a prudent man would have been put upon inquiry, or that he was negligent, or did not exert a proper degree of caution.

In an action to recover possession of certain bonds of the city of Poughkeepsie, which had been stolen from plaintiff and sold to defendants, as a circumstance indicative of bad faith, plaintiff proved that defendants had purchased of the same person, of whom they purchased the bonds in question, another bond which had been stolen, one of the defendants, as a witness in their behalf, after giving evidence of the circumstances under which the other bond was purchased, and the explanation made by the seller which was consistent with but not decisive of innocence,

was asked "were you satisfied with the explanation given?" This was objected to and excluded. *Held,* error.

Defendants were brokers in New York. It was proved as a suspicious circumstance that instead of offering them for sale in that market they offered them in the cities of Poughkeepsie and Albany. Defendants offered to prove the usual course of brokers in such cases, which was excluded. *Held,* error; as the evidence was legitimate in answering the imputation of unusual conduct on their part.

(Argued March 21, 1878 ; decided April 9, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Michael H. Cardoza,* for appellants. The bonds being negotiable securities the title thereto passed by delivery. (*Dutch. Co. Mut. Ins. Co.* v. *Hachfield,* 4 T. & C., 158.) Defendants were only bound to show that they were purchasers in good faith, even gross negligence would not have impaired their title. (*Evertson* v. *Nat. Bk. of Newport,* 66 N. Y., 14; *Chapman* v. *Rose,* 56 id., 137, 140; *Seybel* v. *Nat. Cur. Bk.,* 54 id., 288; 2 Daly, 383; *Welch* v. *Sage,* 47 N. Y., 143, 146; *Magee* v. *Badger,* 34 id., 247; *Belmont Br. Bk.* v. *Hoge,* 35 id., 65; *Birdsall* v. *Russell,* 29 id., 220; *Hall* v. *Wilson,* 16 Barb., 548; *Cothran* v. *Collins,* 29 How. Pr., 113; *Comrs. etc.,* v. *Clark,* 4 Otto, 278; *Collins* v. *Gilbert,* id., 753; *Hotchkiss,* 21 Wall., 354; *Murray* v. *Lardner,* 2 id., 110; *Goodman* v. *Simonds,* 20 How., 343, 365; *Hamilton* v. *Vought,* 34 N. J. L. R., 187; *Goodman* v. *Harvey,* 4 Ad. & El., 870; *Shirley* v. *Vail,* 38 How. Pr., 406, 408; *People* v. *Cook,* 8 N. Y., 67, 74; *Herring* v. *Hoppock,* 409, 413; *Dascomb* v. *Buff. etc., R. R. Co.,* 27 Barb., 221, 228; *Lomer* v. *Meeker,* 25 N. Y., 361, 363; *Elwood* v. *W. U. Tel. Co.,* 45 id., 549, 553; *Newton* v. *Pope,* 1 Cow., 109; *Satterthwaite* v. *Vreeland,* 5 T. & C., 363, 366; *Dolsen* v.

*Arnold,* 10 How. Pr., 528, 531.) It was competent to prove that stolen bonds were often sold in New York to persons of established character and honesty. (*Seybel* v. *Nat. Cur. Bk.,* 54 N. Y., 288.)

*Henry L. Burnett,* for respondent.

CHURCH, Ch. J. The action was replevin to recover five bonds issued by the city of Poughkeepsie which had been stolen from the plaintiff, about the 9th of October, 1869, and sold to the defendants a month later. The evidence was that the defendants, who were brokers in New York, purchased them at ninety-six per cent, which was about the fair value for them, and the contested question of fact was whether the defendants purchased them in good faith. The bonds were negotiable and the rule is that a purchaser of such paper for value will be protected, unless the circumstances are such that an inference could be fairly and legitimately drawn that the purchase was made with notice of a defective title in the seller, or in bad faith. It is not sufficient that a prudent man would be put upon inquiry, nor that the purchaser was negligent, nor that he did not exercise a proper degree of caution. A purchaser of such securities for value will be protected, if he is honest and believes that the seller has a good title. (*Welch* v. *Sage,* 47 N. Y., 143; *Evertson* v. *Nat. Bk. of Newport,* 66 id., 14; *Chapman* v. *Rose,* 56 id., 140; *Magee* v. *Badger,* 34 id., 247.) Bad faith is predicated upon a variety of circumstances, some of them slight in character, and others of more significance, but it is not necessary, in the view we take of certain exceptions, to pass upon the question of the sufficiency of the evidence. It is a case where it might depend in some degree upon the appearance of the witnesses and their credibility, and still more upon inferences to be drawn from the facts proved. The most material circumstance of suspicion was that the defendants who had made the purchase in this case had before, on

one occasion, purchased a bond which had been stolen, from the same person, a Mr. Kendrick, of whom they purchased these bonds. After giving evidence of the circumstances under which that bond was purchased, and after stating the explanation made by the seller, he was asked this question, " were you satisfied with the explanation given by Mr. Kendrick of this other stolen bond transaction ? " This was excluded and an exception taken. It was a material circumstance whether the previous transaction with Kendrick produced upon the mind of the defendant Hachfield a suspicion of Kendrick's complicity or collusion with the thief, or whether the explanation was such as to remove any unfavorable impression from his mind in respect to his integrity and good faith. A perfectly upright, honest man might sell a bond which had been stolen, and the explanation might prevent even the taint of wrong on his part ; while the explanation, although falling far short of proof of actual guilt, might leave upon the mind an apprehension that he either directly or impliedly connived at the wrong, or at least that he was willing to deal in securities and keep his ears and eyes closed so that he should not ascertain the real truth. The explanation given by Kendrick on that occasion was consistent with innocence, but not decisive, and the transaction with its explanation may or may not have left a favorable impression of Kendrick's integrity. If it did, it ought not to affect the good faith of Hachfield in subsequently dealing with him. We think that he should have been permitted to state how the fact was, and that he was entitled to have his statements considered by the jury. (*Kerrains* v. *People*, 60 N. Y., 221.) Another circumstance relied upon against the defendants, was that instead of offering the bonds for sale in New York, they offered them in Poughkeepsie and Albany. The defendants offered to prove the usual course of brokers in such cases, which was excluded. We think this was also error. The defendants should have been permitted to show, if they could, that it was usual and customary with brokers to seek purchasers for such securities at or near the place where they

were issued. Such evidence was legitimate in answering the imputation of unusual conduct in dealing with the securities. It is not for the court to pass upon the weight which the evidence sought to be proved should have upon the result. It is enough that the evidence was competent.

The judgment must be reversed and a new trial ordered, costs to abide the event.

All concur, except ALLEN and MILLER, JJ., absent.
Judgment reversed.