FREDERICK WHEELER, RESPONDENT, *v.* MERRITT KING, APPELLANT.

*Receipt of money under suspicious circumstances — when the person receiving it may be compelled to account therefor, by the true owner.*

Where an attorney receives under suspicious circumstances $150 in money, from a person arrested upon a charge of horse stealing, upon an agreement to render services in defending the person so arrested, and after he has rendered services of the value of ninety dollars is notified by a third person that the money so received belongs to and was stolen from him, he cannot acquire a good title to the remaining sixty dollars by the rendition of further services to the thief, and the true owner may recover the said balance in an action brought against the attorney for that purpose.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict at the Tompkins Circuit, and from an order denying a motion for a new trial made at Special Term upon a case and exception.

The verdict was for sixty dollars and interest. The plaintiff claimed $950, viz., $800, delivered to the defendant by one Dean to hand to his brother, which the defendant says the brother refused to take, and which was by the defendant handed back to Dean, and $150, which Dean delivered to the defendant, as it alleged, for the defendant's services to be rendered in defending Dean from the charge of horse stealing. The plaintiff claimed that the moneys were stolen from him at his house in Pennsylvania on the night of the 2d of June, 1879. The jury found, apparently, that the $800 had been returned by the defendant to Dean, and that the services of the defendant rendered for Dean were worth ninety dollars, and gave plaintiff a verdict for the balance, say sixty dollars, and interest.

*Merrit King*, in person, for the appellant.

*S. D. Halliday*, for the respondent.

## 102 WHEELER v. KING.

Hardin, P. J.:

We are warranted by the appeal book in assuming that the jury found in favor of the defendant as to the $800, and secondly, that the jury found that for the $150 the defendant had performed services to the extent of ninety dollars, and no more, and that the plaintiff was entitled to recover sixty dollars and interest. Defendant recovered possession of the $150 under circumstances somewhat peculiar. Dean had been arrested for horse stealing, and was in custody at Ithaca, June 7, 1879, when defendant was notified thereof by a police officer, and of the fact that he had some $1,300 in his possession. Defendant went to see the prisoner Dean, and received $950 of the money, and undertook to deliver $800 to the brother of Dean that day; the brother refused to receive it, giving reasons therefor not complimentary to the prisoner, and defendant then carried the money back to the jail and left it with defendant Dean, but kept $150, as he says, for services to be performed. If we assume that the defendant acted negligently in taking the $150, that assumption does not alone create a liability on the part of the defendant to respond to the plaintiff for the $150. (*Dutchess Co. Mut. Ins. Co.* v. *Hachfield*, 73 N. Y., 226; *Welch* v. *Sage*, 47 id., 143.)

We must go further and consider whether the defendant in good faith acquired a title to the $150. If he did not, then he should respond to the plaintiff for such money, or that part of it which he did not thus acquire. (*Northampton National Bank* v. *Kidder*, 67 How., 95; *Wylie* v. *Speyer*, 62 id., 110.) On the 16th of June, 1879, the defendant was informed that the plaintiff had been robbed on the 2d of June, 1879, of $2,700, and a demand was made upon the defendant for the money which Dean had placed in his hands. The jury have found that the defendant had then only earned ninety dollars of the $150. He had not parted with value therefore, for the remaining sixty dollars. Indeed, as the jury have found, the defendant never had parted with value for the sixty dollars. We think, therefore, he has not shown, nor does the evidence establish that the defendant acquired any title to the sixty dollars. (*Newton* v. *Porter*, 69 N. Y., 141; S. C., 5 Lansing, 417; *Stephens* v. *Board of Education*, 79 N. Y., 183.) What force or effect should be given to the defendant's evidence, as well

as whether it should be credited or not, were questions for the jury. (*Elwood* v. *W. U. Tel. Co.*, 45 N. Y., 549; *Koehler* v. *Adler*, 78 N. Y., 287; *Stilwell* v. *Carpenter*, 2 Abb. N. C., 239; *Kavanagh* v. *Wilson*, 70 N. Y., 177.)

When this case was in this court upon a former appeal, it appears by the opinion of OSBORN, J., that it was assumed that the evidence was sufficient to warrant a finding that the money which Dean had delivered to defendant was the money of the plaintiff, being part of the $2,700 stolen from the plaintiff. We have only to follow the decision made in that record, as we do, by assuming that the jury was warranted in so finding upon the evidence now before us. We think the objections to the commission came too late. Defendant should have sought relief by motion, as the commission had for years been on file. (*Newton* v. *Porter*, 69 N. Y., 141, and cases cited.)

Our conclusion is, that the verdict is sufficiently favorable to the defendant, and that no prejudicial error occurred at the trial, and the judgment and order should be affirmed, with costs.

FOLLETT, J., concurred; BOARDMAN, J., not acting.

Judgment and order affirmed, with costs.