HERBERT CECIL PELLY, RESPONDENT, *v.* WILLIAM M. ONDERDONK, APPELLANT, IMPLEADED WITH OTHERS.

*Bills and notes — proof by the maker that the note was obtained by fraud — the testimony of the holder may be disregarded when he alone testifies to his good faith.*

In an action upon a promissory note made by one Onderdonk to his own order, and by him delivered to one Griffiths, a deposition of Pelly, the holder, was produced upon the trial in which he stated that he purchased the note before maturity for value and in good faith. Onderdonk then offered to show that before he made the note Griffiths made representations to him as to the value of certain processes for making paint and pyrodene owned and invented by Griffiths, which were false and the processes useless; that these representations induced him to make the note.

*Held,* that the evidence was proper.

That where the defense is that a note has been obtained fraudulently the burden is thrown upon the plaintiff to establish that he is a *bona fide* holder.

That as the deposition of the plaintiff, an interested party, was the only evidence upon this point, the maker still had the right to show that the note was procured through fraud.

That such evidence was competent for the consideration of the jury in deciding upon the credibility of the plaintiff.

APPEAL by the defendant William M. Onderdonk, impleaded with others, from a judgment in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 27th day of January, 1891, after a trial at the New York Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $3,697.58.

*Edward S. Clinch,* for the appellant.

*Lucien Birdseye,* for the respondent.

Daniels, J. :

The verdict was recovered for the amount of a promissory note made by the defendant, William M. Onderdonk, on the 23d day of August, 1889, for the sum of $3,553, and payable to the order of the defendant, who indorsed it to the order of Thomas Griffiths, and by him it was indorsed to the plaintiff. The making and delivery of the note were not denied by the defendant, but it was alleged, by way of defense, that Griffiths claimed to be the owner and inventor of processes for the manufacture of different articles of paint, and also for the manufacture of a liquid called pyrodene. These articles of paint and this liquid are stated in the answer to have been falsely represented to the defendant, as to their quality, utility and the profit that could be derived from their manufacture and sale. And it is alleged that these representations were fraudulently made for the purpose of inducing the defendant and others to associate together and form a corporation, which was to become the purchaser of these inventions or processes, and to issue its stock to Griffiths for the right to manufacture and sell the articles ; and that the defendant, with his associates, were to purchase from Griffiths 315 shares of the capital stock of the corporation, and execute and deliver notes to him, with a cash payment for the par value of the shares. It was further alleged that the corporation was formed in this manner on the 27th of July, 1889, and the stock issued to Griffiths; and that the defendant received from him eighty-four shares of the stock, and delivered the note in suit, together with two others, and a cash payment for the price of such shares; that machinery had been obtained and a manufactory established to manufacture these different articles, which had proved to be useless by reason of the articles not being of the kind or quality represented by Griffiths, and that the stock had become worthless. And the answer contained an offer to surrender the eighty-four shares sold by Griffiths to the defendant, and demanded a surrender of this note, the other two having previously been paid, and before the discovery of the fact that these representations were false.

Upon the trial the note was produced and read in evidence, and also the deposition of the plaintiff, in which he testified that he had purchased this note from Griffiths on the 20th day of March, 1890, "for value given by me on the said date in good faith." And he

repeated again that he gave value for the promissory note. And this is all the evidence that was given upon the trial to establish the fact that the plaintiff had acquired the title to the note in suit in good faith and for value parted with by him. The case on the part of the plaintiff was then rested. And the defendant, by his own evidence and that of William Onderdonk, proposed to prove that these representations had been made by Griffiths before the note was made and delivered. This proof was objected to by the plaintiff, and the objection was sustained and exceptions were taken to the exclusion of the evidence. The objections were general, and the decisions of the court, in the exclusion of the offered evidence, apparently proceeded upon the ground that the plaintiff had been proved to be a *bona fide* holder of the note for value. The decision, accordingly, was to the effect that the statement of the plaintiff in his deposition that he had given value for the note was conclusive against the defendant, and precluded him from giving evidence to prove that he had been induced to make and deliver the note to Griffiths by means of false and fraudulent representations.

It is no doubt, the law, as the counsel for the plaintiff insisted upon the argument and in his brief, that if there had been a failure of consideration the burden would not have been upon the plaintiff to prove that he had become the holder of the note in good faith and for value. This general principle was affirmed by the court in *Evertson* v. *National Bank, etc.* (66 N. Y., 14), and *Dutchess Co. M. Insurance Company* v. *Hachfield* (73 id., 226); *Hays* v. *Hathorn* (74 id., 486). But the defense in this case did not depend upon a failure of consideration, but it was placed upon the ground that Griffiths had fraudulently obtained the note from the defendant. And where that is the defense relied upon, there the burden is placed upon the plaintiff to establish the fact that he became a holder of the note in good faith and for value before its maturity in order to deprive the defendant of the benefit of this defense. (*Vosburgh* v. *Diefendorf*, 119 N. Y, 357; *Canajoharie, etc*, *Bank* v. *Diefendorf*, 123 id., 191; *First National Bank* v. *Green*, 43 id., 298; *Hale* v. *Shannon*, 32 N. Y. St. Rep., 1079; *Stewart* v. *Lansing*, 104 U. S., 505.)

The testimony of the plaintiff in his deposition that he obtained the note for value, general as it was in its terms, was not conclusive

evidence against the defendant of the existence of that fact. He still had the right to submit the question of the plaintiff's credibility to the jury, and to insist upon it that this evidence did not establish the truth of the statement made. That is the rule in all cases where a vital fact may depend upon the testimony, either of a party or an interested witness. (*Elwood* v. *Western, etc., Tel. Co.,* 45 N. Y., 549; *Kavanagh* v. *Wilson,* 70 id., 177; *Brooklyn, etc., Co.* v. *Strong,* 75 id., 591; *Rochester, etc., Co.* v. *Loomis,* 45 Hun, 94; *Honegger* v. *Wettstein,* 94 N. Y., 252, 261.) And as the evidence of the plaintiff upon this subject was not conclusive in his favor, but, at most, presented a question of fact to be considered and decided by the jury, the defendant, notwithstanding that evidence, still had the right to prove that the note had been obtained from him by means of fraudulent representations on the part of the indorsee Griffiths. And after that evidence had been given, then the jury would be at liberty to give full effect and force to it, notwithstanding this statement of the plaintiff that he had paid value for the note, for they would be at liberty to discredit his statement on the ground that he was a party, and interested in the result of the litigation. The evidence which was offered to prove that the note had been obtained by false and fraudulent representations from the defendant, should, therefore, have been received by the court. It was error to exclude it. And the exceptions to the rulings resulting in that exclusion were well taken. The judgment should, therefore, be reversed and a new trial ordered, with costs to the defendant to abide the result.

Van Brunt, P. J., concurred.

Judgment reversed and new trial ordered, with costs to the defendant to abide result.