UNITED STATES NATIONAL BANK, Respondent, *v.* THOMAS
EWING, Appellant.

A surety has the right to impose any limit he may choose upon his liability;
he may fix the precise terms upon which he is willing to become a surety,
whether those terms seem to be material or immaterial, and may not be
held liable outside of those terms.

In an action against defendant, as indorser of a promissory note which
was indorsed by defendant for the accommodation of the maker, and
was transferred by the maker to plaintiff, a bank of this state, as
security upon a precedent debt, defendant's testimony was to the
effect that in answer to his objection that he did not wish to be sued in
this state, he was assured that the note would be negotiated in Kentucky,
and that he indorsed upon that assurance. The court overruled a request
that this testimony should be submitted to the jury and directed a ver-
dict for plaintiff. *Held*, error; that as plaintiff was not a *bona fide*
holder for value, the note in its hands was open to the defense that, made
for one purpose, it had been used for another, and that its diversion
had discharged the indorser.

(Argued March 4, 1892; decided March 22, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made May 15, 1891, which affirmed a judgment in favor of
plaintiff entered upon a verdict directed by the court, and
affirmed an order denying a motion for a new trial.

This was an action upon a promissory note.

The facts, so far as material, are stated in the opinion.

*Ben. L. Fairchild* for appellant. The note was diverted
from the use to which it was restricted by defendant. He
had a right to impose such a restriction and had an interest in
having it observed. (*Freund* v. *I. & T. N. Bank*, 76 N. Y.
272; *M. L. Ins. Co.* v. *Smith*, 23 Hun, 535; *Schepp* v. *Car-
penter*, 51 N. Y. 602.) The plaintiff did not hold the note
for a sufficient consideration. (*Freund* v. *I. & T. N. Bank*,
76 N. Y. 272; *M. L. Ins. Co.* v. *Smith*, 23 Hun, 535; *Schepp*
v. *Carpenter*, 51 N. Y. 602; *Prentiss* v. *Graves*, 33 Barb. 621;
*Tinsdale* v. *Murray*, 9 Daly, 448; *A. N. Bank* v. *Franklin*,

55 N. Y. 235.) The note being delivered to plaintiff by the maker, was notice that the indorsement was for his accommodation. (*N. P. Bank* v. *G. A. M. W. & S. Co.*, 116 N. Y. 281.)

*John Notman* for respondent. The note in suit is held by the plaintiff for a sufficient consideration. (*M. L. Ins. Co.* v. *Smith*, 23 Hun, 535, 541; *Mapes* v. *Sidney*, Croke, 687; *King* v. *Upton*, 4 Greenl. 387; *Elting* v. *Vanderlin*, 4 Johns. 237; *Watson* v. *Randall*, 20 Wend. 201; *G. Bank* v. *Penfield*, 69 N. Y. 502; *Oldershaw* v. *King*, 2 H. & N. 517.) Precedent debt is sufficient consideration, and no new consideration need be shown where a promissory note is made for the accommodation of the payee without restriction as to its use and an indorsee takes it in good faith as collateral security for an antecedent debt. He is a holder for value and can recover against the accommodation maker. (*G. Bank* v. *Penfield*, 69 N. Y. 502; *C. N. Bank* v. *Johnson*, 87 id. 8; *Freund* v. *I. & T. N. Bank*, 76 id. 372.) There was no diversion in law of the note. (*Tinsdale* v. *Murray*, 9 Daly, 446; *Wheeler* v. *Allen*, 59 How. Pr. 118; *Bank* v. *Corey*, 1 Hill, 513; *Montross* v. *Clark*, 2 Sandf. 115; *Edwards on Bills*, 322; *Daniels on Neg. Inst.* §§ 792–794; *Duel* v. *Spense*, 1 Abb. Ct. App. Dec. 559; *Powell* v. *Waters*, 17 Johns. 176; *Bank of Rutland* v. *Buck*, 5 Wend. 65.)

Finch, J. The note sued upon was made by Madden and indorsed by Ewing for the accommodation of the maker, and by him was transferred to the plaintiff as added security upon a precedent debt. The holder parted with nothing upon receiving it, surrendered no right and no security, and made no new agreement in reliance upon it. In its hands it was, therefore, open to the defense that, made for one purpose, it had been used for another, and that its diversion had served to discharge the indorser.

The trial court held that no such legal diversion had been established and the contention here is that the evidence on

that subject should have been submitted to the jury as requested by the defendant.

The indorser testified that he gave his name upon the express assurance of the maker that the note would be negotiated in Louisville, Kentucky, in answer to the indorser's objection that he did not wish to put his name to paper which might be sued in New York. He added: " I finally made the indorsement on his assurance and relying upon it that the note would be negotiated in Louisville, and that he would meet it at maturity." There is no contradiction of this evidence, unless it be in the silence of the written cotemporaneous memorandum which provided some security for the indorser. If that raised a question of fact as to the existence of the agreement, it should have been decided by the jury.

The answer made by the General Term is in substance that the writing contained no restriction upon the use of the note, and the parol proof showed only a remark by the maker as to its intended use, which did not amount to a restriction; that if negotiated in Louisville the indorser could and would have been sued in New York; and the place of discount was immaterial. But we held in *Benjamin* v. *Rogers* (126 N. Y. 70), that the surety has the right to impose any limit he may choose upon his liability, and that " he may always fix the precise terms upon which he is willing to become a surety, whether those terms seem to be material or immaterial." The restriction here does not seem to be material, and yet may have been so in the mind of the indorser and for reasons sufficient to him. He swears that he lent his name upon condition that the note should be negotiated in Louisville. If his testimony, read in connection with the writing, left possible the inference that no restriction was intended, the inference was one of fact and not of law, and should have been left to the judgment of the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except Andrews and Gray, JJ., not voting.

Judgment reversed.