THE BANK OF HAMILTON, Respondent, *v.* EDWIN D. KLOCK, Appellant.

*Instrument under seal — when the breach of an oral condition as to the maker's liability thereunder is a defense.*

In an action brought to recover the amount due on two promissory notes, the payment of which has been guaranteed to the plaintiff by the defendant, by two instruments under seal, it is error to refuse to allow the defendant to show that such guarantees were given upon the express understanding that such notes were not to be used as collateral security, and that in direct opposition to such agreement such notes were so used.

APPEAL by the defendant, Edwin D. Klock, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 24th day of May, 1893, upon a verdict rendered by direction of the court at the Oneida Circuit, with notice of an intention to bring up for review on such appeal the judgment roll and all interlocutory orders, and the order made on the 18th day of May, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Risley & Robinson,* for the appellant.

*Arthur M. Beardsley,* for the respondent.

PER CURIAM:

This was an appeal from a judgment entered in Oneida county May 24, 1893, upon a verdict directed by the court. The action was to recover on two bonds executed by the defendant, the first of

which was as follows : " Know all men by these presents, that I, E. D. Klock, of the city of Utica, in the State of New York, for divers good causes and considerations me thereunto moving, have covenanted, promised and agreed, and by these presents do covenant, promise and agree, to and with the Bank of Hamilton, its successors and assigns, that George F. Hawkins will, upon the maturity thereof, pay a certain promissory note for two thousand dollars, bearing date on the first day of April, 1891, made by said George F. Hawkins, payable seven months after the date thereof, with interest at the rate of seven per cent per annum, to the order of the said George F. Hawkins, and indorsed by him ; and I do guarantee to the said bank the payment of the said note.   Witness my hand and seal this first day of April, 1891.

  " [Seal.]     .    " E. D. KLOCK."

The second bond was in the same form, and given to guarantee the payment of a note of $1,000, bearing date June 15, 1891, payable five months after the date thereof.

The answer of the defendant admitted the incorporation of the plaintiff ; that it carried on business at Hamilton in the Province of Ontario ; that the defendant resided at the place alleged in the complaint, and admitted the execution of the bonds.   It was then alleged, among other things, that the bonds were signed, executed and delivered upon the representation of Hawkins that the notes referred to therein were to be discounted in due course of business by the plaintiff, and the proceeds thereof placed to the credit of Hawkins, to be used and employed by him in the conduct of his business at Orangeville, Ontario, in the purchase, packing and selling of eggs ; that said notes and obligations were to be delivered to the Hamilton bank for the purpose of procuring said bank to discount said papers and pass the proceeds of such discount to the credit of the said Hawkins, to enable him to continue and carry on his business at Orangeville ; that said notes and obligations were not to be used or employed in any way as collateral security to the plaintiff for any obligation that the bank, then or thereafter, might hold against the said Hawkins, otherwise than by discounting said notes and placing the proceeds of said discount to the credit of said

Hawkins, to be used by him in the due course of business; that the plaintiff was made acquainted with the conditions upon which said obligations were executed and delivered; that in violation thereof and of the agreement upon which the same were delivered, it took said notes and did not discount the same or place the proceeds of said notes when discounted to the credit of said Hawkins, to be used in his business, but, on the contrary, it held said notes and obligations as collateral security to other indebtedness which said Hawkins was owing said bank, and did not present said notes for payment in the due course of business, but held the same long after they were past due; holding them as collateral security, when the account of said Hawkins with the bank was sufficient in amount to have paid said notes; that the same were not protested for non-payment, but were held by the bank in violation of the terms on which said notes were delivered to the plaintiff, and contrary to the terms upon which said agreement was delivered and in violation of the agreement upon which they were so executed and delivered to said bank; and that the notes referred to in said bonds were diverted, misappropriated and misapplied, in violation of the rights, understanding and agreement with the defendant and said Hawkins.

On the trial the following proceedings and rulings were had and made: "By the Court.—We will assume that the letter was destroyed. By defendant's counsel.—And that it was shown to the cashier of the plaintiff by Hawkins after its receipt; that the guaranty was forwarded in return after conference with and with the knowledge of the plaintiff's cashier, with a letter to Mr. Klock, inclosing the guaranty. The Court.— Assuming those facts, go on. The defendant's counsel offered to show contents of this letter, and made the following statement: I desire to show that the letter stated this in substance; I do not give it in detail; that it stated that he would sign the guaranty of the payment of two notes, one of two thousand dollars and another of one thousand dollars; the notes substantially as described in this paper; but that he would not guarantee the paper to be used as collateral or other than in the usual course of business, and that the guaranty should only be valid as to the paper indicated and attached, if discounted by the plaintiff; I shall follow it by showing that the letter was shown by Mr. Hawkins, who received it, to the then cashier of this plaintiff; that

Mr. Hawkins and the then cashier, for the purpose of procuring the execution of Exhibit ' A,' wrote him, inclosing Exhibit ' A,' and saying to him that the note should only be used for that purpose, when it was intended by them to be used as collateral only, and that in reliance upon it he executed Exhibit ' A ' and returned it, and that the note of which Exhibit ' A ' is a guaranty was only used as collateral. Not only showing it by other witnesses, but by a chain of circumstances by other witnesses. Also showing the same facts as to the one thousand dollar note by correspondence with reference to it, and by conversations. Mr. Beardsley.— I object to it, first, as intending by parol to vary a sealed instrument; second, that Mr. Hahn is now dead. The evidence was excluded. The Court.— The evidence is excluded upon the ground that the liability of the defendant in this case is fixed by Exhibits ' A ' and ' B,' which are under seal; that they cannot be varied by a parol agreement; that so far as the inducements or false representations having been made, which was the inducement that led to the execution of the instrument by the defendant, it cannot be shown, because fraud is not pleaded in the answer. The evidence will be excluded. Defendant's counsel.— I desire to follow it up by showing that Mr. Klock believed the correspondence to be correct and relied upon it, and that the plaintiff and Hawkins both intended to deceive him in procuring it. The evidence was objected to. Objection sustained, and the defendant duly excepted. The defendant then asked leave to amend his answer, so as to admit this proof. The motion was denied and the defendant duly excepted. By defendant's counsel.— Mr. Hawkins is here, and I desire to prove the same facts by him as I stated. By the Court.— I think your offer is broad enough as now stated to cover that. At least the court has assumed that you would either prove by this witness or some other witness, to be called by you, Mr. Hawkins and other witnesses, the facts which you have stated. So you may have the exception squarely."

Thus it is seen that the court refused to permit the defendant to show that the bonds in suit were made, signed and delivered for a specific purpose; that it was expressly agreed by and between the maker, the defendant and the plaintiff's cashier, that the notes which the bonds were given to secure were not to be used as collateral security; that the bonds were given upon the express understanding

that they were not to be thus used, and that in direct opposition to such agreement they were so used by the plaintiff, and not for the purpose intended and agreed upon.

In *Benjamin* v. *Rogers* (126 N. Y. 60) it was held that a transferee of negotiable paper who takes it knowing that it was executed by an accommodation maker, and was transferred in violation of conditions or limitations imposed by such maker, cannot maintain an action thereon against him, and that such a maker has a right to determine for himself what use shall be made of it, and may impose seemingly immaterial conditions limiting its use, and no one can get title as against him who takes it with full knowledge, in violation of such conditions. In that case the action was upon a joint and several promissory note. It appeared that it was signed by the plaintiff's testator as surety, solely for the accommodation of one of the other makers, and to enable him to borrow the amount thereof of Mrs. Petit, the payee; the latter having refused to make the loan, Calkins, for whose accommodation the note was made, applied to the plaintiff, who took the note with full knowledge of all the circumstances, paying part in cash and applying the balance in paying a pre-existing indebtedness of Calkins to him. And it was held that as to the plaintiff's testator the note had no inception, and the plaintiff was not entitled to recover.

The same doctrine was held in *U. S. N. Bank* v. *Ewing* (131 N. Y. 506). In that case an action was brought against the defendant as indorser of a promissory note, which was indorsed by defendant for the accommodation of the maker, and was transferred by the maker to the plaintiff, a bank of this State, as security upon a precedent debt. The defendant's testimony was to the effect that in answer to his objection, that he did not wish to be sued in this State, he was assured that the note would be negotiated in Kentucky, and that he indorsed upon that assurance. The court overruled a request that this testimony should be submitted to the jury and directed a verdict for the plaintiff. Held, error; that as the plaintiff was not a *bona fide* holder for value, the note in his hands was open to the defense that, made for one purpose, it had been used for another, and that its diversion had discharged the indorser.

The evidence offered by the defendant in this case was excluded on the ground that the defendant's liability was fixed by the bonds

in suit and that the evidence offered tended to vary or contradict them, and was, therefore, inadmissible. In *Juilliard* v. *Chaffee* (92 N. Y. 529, 534) it is said : " Certainly the general rule which excludes evidence of parol negotiations and undertakings, when offered to contradict or substantially vary the legal import of a written agreement, is not to be questioned or disturbed. In this State it has been thought to be so well settled in reason, policy and authority, as not to be a proper subject of discussion. It has full application, however, within very narrow limits. In the first place, it applies only in controversies between parties to the instrument (*New Berlin* v. *Norwich*, 10 Johns. 229), and between them is subject to exceptions, upon allegations of fraud, mistake, surprise or part performance of the verbal agreement. Nor does it deny the party in whose favor that agreement was made the right of proving its existence by way of defense in an action upon the written instrument, under circumstances which would make the use of it for any purpose inconsistent with that agreement, dishonest or fraudulent. (*Martin* v. *Pycroft*, 2 D., M. & G. 785, 795 ; *Jarvis* v. *Berridge*, L. R. [8 Ch. App.] 351.) A party sued by his promisee is always permitted to show a want or failure of consideration for the promise relied upon, and so he may prove by parol that the instrument itself was delivered even to the payee to take effect only upon the happening of some future event (*Seymour* v. *Cowing*, 1 Keyes, 532 ; *Benton* v. *Martin*, 52 N. Y. 570 ; *Eastman* v. *Shaw*, 65 id. 522), or that its design and object were different from what its language, if alone considered, would indicate. (*Denton* v. *Peters*, L. R. [5 Q. B.] 474 ; *Blossom* v. *Griffin*, 3 Kern. 569 ; *Hutchins* v. *Hebbard*, 34 N. Y. 24 ; *Seymour* v. *Cowing*, *supra; Barker* v. *Bradley*, 42 N. Y. 316 ; *Grierson* v. *Mason*, 60 id. 394.) He may also show that the instrument relied upon was executed in part performance only of an entire oral agreement (*Chapin* v. *Dobson*, 78 N. Y, 74.) or that the obligation of the instrument has been discharged by the execution of a parol agreement collateral thereto (*Crosman* v. *Fuller*, 17 Pick. 171), or he may set up any agreement in regard to the note which makes its enforcement inequitable."

The doctrine of the authorities cited is applicable to the question under consideration, and shows quite conclusively that the court erred in excluding the evidence offered. We are of the opinion

that the evidence offered should have been received, and that its rejection was an error for which this judgment should be reversed.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order reversed and a new. trial ordered, with costs to abide the event.