(14 Misc. Rep. 317.)

WESTERN NAT. BANK OF CITY OF NEW YORK v. FLANNAGAN.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

1. NEGOTIABLE INSTRUMENTS—HOLDER FOR VALUE.
   The surrender of a matured note, with the collaterals therefor, and the extension of the time for the payment of the debt, in consideration of the pledge of a second note as security for the debt, constitute the pledgee a holder for value.

2. SAME—EVIDENCE—SUFFICIENCY.
   In an action on a note, by the pledgee thereof for value, against an accommodation maker, the presumption that the pledgee acquired the note in good faith, though the payee testifies that he notified the pledgee that it was accommodation paper, and made by defendant with the understanding that it was to be discounted by plaintiff, raises a question of fact, as to whether plaintiff had notice of such facts, and the decision of the trial court thereon cannot be disturbed on appeal.

3. HARMLESS ERROR—DENIAL OF MOTION CONTAINING INCONSISTENT REQUESTS.
   Error cannot be predicated on the denial of a motion to direct a verdict for defendant, coupled with the inconsistent request that the question be submitted to the jury.

4. NEGOTIABLE INSTRUMENTS—RESTRICTIONS BY ACCOMMODATION INDORSER—MATERIALITY.
   In an action on a note, against an accommodation maker, the materiality of the restrictions on the use of the note imposed by the maker cannot be controverted by plaintiff, and therefore evidence offered by the maker as to their materiality is inadmissible.

5. TRIAL—EVIDENCE.
   An offer to prove certain facts is properly rejected where inadmissible matter is included in the offer.

6. EVIDENCE—OPINION.
   In an action on a note by the pledgee against the accommodation maker, testimony of defendant that the note was given to the payee "for the purpose of having it discounted" is properly excluded, as a conclusion.

7. SAME.
   In such an action defendant cannot be asked whether the payee had authority to use the note for any other purpose than to have it discounted, nor can the payee be asked for what purpose the note was delivered to him, as both questions call for a conclusion.

8. TRIAL—EVIDENCE.
   Questions permitting witness to testify to immaterial matters in connection with material matters are properly excluded.

Appeal from city court, general term.

Action on a note by the Western National Bank of the City of New York against William W. Flannagan. From a judgment of the general term of the city court (32 N. Y. Supp. 1151) affirming a judg-

ment for plaintiff rendered on a verdict directed by the court, defendant appeals.     Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Dallas Flannagan, for appellant.
Charles E. Hughes, for respondent.

BISCHOFF, J.  The appeal being from a judgment of the city court of New York, we can reverse only for an error of law which is presented by due exception.  Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996.  The note in suit was made by the defendant, Flannagan, to the order of one Pinkham, payable 12 months after date; and upon the trial it was conceded that before the maturity thereof the note was indorsed by the payee, and by him delivered to the plaintiff as collateral security for the payment of his own note to the order of the plaintiff, and payable 60 days after date; the last-mentioned note having been given and accepted on the day of its date in exchange for the one first mentioned and Pinkham's matured note, which latter, with the notes of certain other persons, held by the plaintiff as collateral security for the payment thereof, were surrendered to him at the time.  Viewing the transaction, therefore, as no more than a pledge of the note in suit to secure the pledgor's antecedent indebtedness to the pledgee, it remains that the latter's surrender of the matured note with the collaterals therefor, and the extension of the time for the payment of the debt, were sufficient consideration to constitute the pledgee a holder of the first-mentioned note for value. Justh v. Bank, 56 N. Y. 478; Bank v. Penfield, 69 N. Y. 502; Insurance Co. v. Church, 81 N. Y. 218; Mayer v. Heidelbach, 123 N. Y. 332, 25 N. E. 416; Bank v. Parker, 130 N. Y. 415, 29 N. E. 1094.

For the defendant, Flannagan, it was asserted by answer that the note in suit was given solely for the accommodation of the payee, and its use by the latter restricted by mutual understanding to the purposes of discount, the avails to be turned over to the payee, and to be by him applied towards the payment of his debts generally, and the demand of the Bank of Alleghany, of Clifton Forge, Va., against him, in particular; and that the plaintiff was aware of the character of the note, and the restrictions which were imposed by the maker upon its use by the payee, when the latter delivered it to the plaintiff for the purposes hereinbefore stated.  It cannot be plausibly urged that the pledge of a note having 12 months to mature, as collateral security for the payment of another note maturing in one-sixth of the time, is in any sense a discount of the former, or an advance of the amount, less an agreed compensation, for the specified time.  Hence, if the facts pleaded as a defense had been established upon the trial, they would, beyond all doubt, have defeated the plaintiff's right of recovery, however immaterial the diversion of the note from the use intended by the maker might seem to others.  Benjamin v. Rogers, 126 N. Y. 70, 26 N. E. 970; Bank v. Ewing, 131 N. Y. 506, 30 N. E. 501.  To substantiate the defense, and thus to impugn the good faith of the plaintiff as the holder of the note in suit, the defendant, called

as a witness in his own behalf, deposed that the note was given by him to the payee for the latter's accommodation, and upon the express condition that it should be discounted by the plaintiff, and the avails used by the payee to obtain relief from financial distress, upon making gradual payment of his debts.    Pinkham, the payee, as a witness for the defendant, testified that, at the time of his delivery of the note in suit to the plaintiff as collateral security for the payment of his own note, he apprised Snyder and Ives, two of the plaintiff's officers, of the facts that it was accommodation paper, and its use restricted by the maker to discount.    This comprised all the evidence for the defendant, and the same was not directly challenged by the plaintiff.    Nevertheless, the presumption that the plaintiff acquired the note in the regular course of its business, for value and in good faith (Underh. Ev. p. 346, § 230; Bank v. Carll, 55 N. Y. 441; Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402), taken with the testimony of the defendant's witnesses to the contrary, was sufficient to raise an issue of fact with regard to those matters (Kahn v. Lesser [Com. Pl. N. Y.] 18 N. Y. Supp. 98); and with the weight of the evidence we have no concern, our province upon this appeal being limited to the inquiry whether there was any evidence sufficient to support the recovery (Paige v. Chedsey and Meyers v. Cohn, supra). Besides, both witnesses for the defense were interested in the event of the action,— the defendant, as the maker of the note, directly so, and Pinkham indirectly, for upon the defendant's escape from liability to the plaintiff his own release from liability to the defendant was assured; so, also, Pinkham, from a sense of his obligation to the defendant, might be suspected of bias in favor of the latter; and, lastly, the defense, and Pinkham's testimony in particular, were affected with some degree of intrinsic improbability of truthfulness.    Was it likely that the plaintiff would part with value upon the faith of the defendant's note, with knowledge that the note was not available for the purpose for which it was accepted?    The testimony of both witnesses, therefore, was open to discredit, though such testimony was not directly contradicted, or the witnesses' characters impeached, and the evidence inconclusive.    Pelly v. Onderdonk, 61 Hun, 314, 15 N. Y. Supp. 915; Carbon Works v. Schad, 38 Hun, 71; Underh. Ev. p. 522, § 354; and authorities collated in note to Effray v. Masson, 28 Abb. N. C. 210, 18 N. Y. Supp. 353.

Both parties, having asked for the direction of a verdict, thereby authorized the court, in the place of the jury, to determine all disputed questions of fact.    Provost v. McEncroe, 102 N. Y. 650, 5 N. E. 795; Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130.    And in support of the verdict, which was directed for the plaintiff, we must assume that all such questions were determined in the plaintiff's favor.    Sutter v. Vanderveer, 122 N. Y. 652, 25 N. E. 907.    Rejecting the testimony of the defendant's witnesses, there was no evidence to taint the validity of the note in the hands of the payee, and, agreeably to the presumption that the note was acquired by it in good faith, the plaintiff was entitled to recover.    Bank v. Livingston, 6 Misc. Rep. 81, 26 N. Y. Supp. 25.    For the reasons stated, therefore, error is not apparent from the exceptions which were taken to the denial of the

defendant's motion for a verdict in his favor and the direction of a verdict for the plaintiff.

After the verdict was directed, counsel renewed his motion for the direction of a verdict for the defendant, coupling with it the inconsistent request that the question of the plaintiff's good faith be submitted to the jury; but, as one of the requests (the direction of a verdict for the defendant) was denied upon sufficient grounds, the exception taken to the denial of both requests is unavailable for the predicament of error. Bosley v. Machine Co., 123 N. Y. 550, 25 N. E. 990.

No error appears from the exceptions taken to the trial court's exclusion of evidence. The answer set forth certain matter which tended to show that the alleged restrictions upon the use of the note by the payee were material to the defendant. The materiality of the restrictions, however, was not open to controversy on the part of the plaintiff. Benjamin v. Rogers; Bank v. Ewing, supra. Hence evidence of the matter alluded to was inadmissible.

The rejection of the offer of the defendant's counsel to prove "everything" set forth in the answer was proper, because the offer included matter which was inadmissible. Bosley v. Machine Co., supra.

Defendant's testimony, "This note was given to Mr. Pinkham for the purpose of having it discounted," was clearly a conclusion; and the following question addressed by the defendant's counsel to the same witness called for the like objectionable testimony: "State whether Mr. Pinkham had authority to use that note for any other purpose than to have it discounted." The same is to be said of the questions asked of the defendant's witness Pinkham as part of the latter's direct examination: "When that note was made and delivered to you, will you state for what purpose it was delivered?" "State whether Mr. Ives knew or was informed that that was an accommodation note." With regard to the last question, the witness was permitted to and did state what he said to Mr. Ives touching the character of the note. Another question asked of Mr. Pinkham by the defendant's counsel, "Will you state the conversation you had with Mr. Flannagan touching the use to which it [the note] was to be put?" was objectionable because the conversation was not limited to one had before the note was transferred to the plaintiff. And two further questions upon the defendant's direct examination, "Will you state all of the facts and circumstances which occurred at the time you delivered the note?" "State all the facts and circumstances under which the note was given,"—were properly excluded, because, if allowed, the witness would have been permitted to testify to wholly irrelevant and immaterial matter, he having previously testified to the conversation between him and the payee at the time of the delivery of the note in suit. The judgment should be affirmed, with costs. All concur.