THE SALT SPRINGS NATIONAL BANK OF SYRACUSE, N. Y., Respondent, *v.* T. EUGENE HITCHCOCK, Defendant, Impleaded with J. ROBERT RUBIN, Appellant.*

Fourth Department, March 15, 1933.

* Revg. 144 Misc. 547.

*Edward Schoeneck, Samuel J. Rosensohn, David O. Decker* and *Samuel D. Cohen,* for the appellant.

*Joseph B. Murphy* and *Phillip T. Young,* for the respondent.

TAYLOR, J. Plaintiff bank sued defendants, Hitchcock and Rubin, as indorsers of a $40,000 promissory note. Plaintiff, upon motion, has obtained a summary judgment for the full amount. The indorser Rubin has appealed. Our main concern here is the sufficiency of the appellant's plea as indicated in the papers presented by him to meet plaintiff's motion, viz., his answer, proposed amended answer, and the affidavits of himself and defendant Hitchcock. For unless upon all the papers plaintiff has made it appear that appellant's denials and defenses are sham or frivolous, and that, therefore, a trial would be a useless ceremony, its motion must fail. (*General Investment Co.* v. *Interborough Rapid Transit Co.,* 235 N. Y. 133; *Curry* v. *Mackenzie,* 239 id. 267.) In the original answer and affidavits appellant sufficiently shows upon oath (1) that he was an accommodation indorser (which is not denied), and that about February 8, 1932, there was paid on account of the note the sum of $10,000; (2) that about January 20, 1932, and after the note in suit became due, the Hitchcock Company (hereinafter called " company "), the maker of the note, had on deposit with plaintiff the sum of $10,000, and on or about that day the company

directed plaintiff to apply this money to the payment of the note, which plaintiff refused to do; that without the knowledge or consent of defendant Rubin the plaintiff thereafter applied said funds to the payment of other notes of the company which were not due at the time the direction to apply was given; and that by reason thereof appellant's liability has been released to the extent of $10,000.

This defense, while not the one of major importance, should receive comment. As the appellant's papers indicate, when the Hitchcock Company demanded that plaintiff apply the deposit in reduction of the note in suit — then due — no other indebtedness of the company to the bank was due. Therefore, it was the bank's duty to immediately set off the deposit against the specified loan then due and payable and credit the money accordingly. The company being entitled to the credit, appellant, the indorser of the note and being responsible for its payment, was likewise entitled to the credit. It follows that after this demand, duly made by the company, and plaintiff's failure to meet it, the indorser's liability upon the note was discharged *pro tanto*, in the absence of proof that the maker of the note gave other directions to the plaintiff, or in some manner brought about or consented to a disposition of the $10,000 otherwise than in the alleged direction of January 20, 1932. (*Central Bank* v. *Thein*, 76 Hun, 571; *Jordan* v. *National Shoe & Leather Bank*, 74 N. Y. 467; *Pearsall* v. *Nassau Nat. Bank*, 74 App. Div. 89.)

A third partial defense has apparently been abandoned and need not be mentioned. In the proposed amended answer, appellant pleads as his main defense that he agreed with plaintiff to indorse the note entirely upon the condition that the company should thereby obtain from plaintiff a $40,000 loan in addition to loans then outstanding with plaintiff; that all the proceeds of the new note should be used to discount bills for future purchases to be made by the company, and that no part of the money was to be used to discharge any of the existing obligations of the company to plaintiff; that these conditions thus agreed to were never changed; that plaintiff did not intend any of the time to honestly perform as thus agreed, but actually intended to apply, and did apply, upwards of $20,000 of the money represented by the new note to discharge part of the outstanding indebtedness of the company to plaintiff; that the several renewals of the original note — the last of which is the note in suit — were indorsed by appellant upon the representation of plaintiff and the understanding by appellant that the proceeds of the original note of July 15, 1929, had been used for the purposes for which it had been indorsed and for no other purpose. " It needs no argument to demonstrate that if it was competent for the defendant to show under what conditions he delivered the original note, he

must logically be permitted to show that the renewal notes were affected by the same conditions." (*Smith* v. *Dotterweich,* 200 N. Y. 299, 307.) Appellant also pleads that after this action was commenced and the original answer served appellant discovered that plaintiff had played him false, and that upwards of $20,000 of the proceeds of the loan had been applied to an old indebtedness of the company outstanding prior to July 15, 1929; and that by reason of such misrepresentations and acts of the plaintiff appellant was discharged from liability.

The learned Special Term denied appellant's motion for leave to file and serve the amended answer, and granted plaintiff's motion to strike out the original answer and for summary judgment upon the ground that the alleged oral agreement which appellant has set forth constitutes a condition subsequent, and could not be proved upon a trial, citing several cases, including *Jamestown Business College Association* v. *Allen* (172 N. Y. 291). This ruling presents the principal question raised on this appeal, *i. e.,* was the original note indorsed and delivered unconditionally as a valid, enforcible contract, subject, however, to be defeated as such by a contingency which might subsequently arise; or was it so indorsed and delivered upon a condition which, so long as it remained unfulfilled, left the document a contract in form only without any validity or binding force as to parties taking it with full knowledge of the facts? If the note belongs in the first class, parol evidence is inadmissible to prove the condition; if in the second class, the condition may be proved by parol. " As between immediate parties * * * the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." (Neg. Inst. Law, § 35.)

It is the old question which has often engaged the attention of the courts. Does the case fall into the class covered in general by the *Jamestown Business College Case (supra),* or does the principle enunciated in *Smith* v. *Dotterweich* (200 N. Y. 299) control? We conclude that appellant indicates sufficiently that he can prove that the said oral compact, taken together with the promissory note after its indorsement, made up the complete contract between plaintiff bank and the defendant indorser; or, in other words, that the note was indorsed pursuant to the oral agreement; that the consideration for the indorsement was the agreement to use the $40,000 note as a new credit and not at all as payment of an old indebtedness, and that a violation of such agreement would mean failure of consideration, and that the indorsement was to become effectual only when and if plaintiff used the money to be advanced by it in accord-

ance with the claimed oral agreement; *i. e.*, as new cash to enable the company to obtain discounts on its purchases, and that the indorsement should become operative *pro tanto* as sums of money were thus advanced. Such proof will bring appellant within the principle stated in *Niblock* v. *Sprague* (200 N. Y. 390) and *Smith* v. *Dotterweich* (*supra*). As stated in the latter case, its reception will not enable appellant to " engraft upon a valid contract a condition subsequent." (200 N. Y. 299, 304.)

" Fraud, illegality, want of consideration, delivery upon an unperformed condition, and the like may be shown by parol, not to contradict or vary, but to destroy a written instrument. Such proof does not recognize the contract as ever existing as a valid agreement and is received from the necessity of the case to show that that which appears to be, is not and never was a contract." (*Thomas* v. *Scutt*, 127 N. Y. 133, 137.)

" An accommodation maker of a note, or one who becomes surety upon a note, has a right to determine for himself what use shall be made of the note which he signs. He may impose material or immaterial conditions and terms, and no person, as against him, can get title to the note who takes it with full knowledge, in violation of the terms and conditions imposed upon it by him." (*Benjamin* v. *Rogers*, 126 N. Y. 60, 65.)

" If these statements [by the appellant] mean anything, they plainly import a condition which was to be performed before the transaction * * * was to be regarded as consummated and binding. * * * Giving to the defendant's story a fair, natural and unstrained interpretation, we have a case in which there is a failure of the precise condition which must determine the existence or non-existence of any contract between him and the plaintiff." (*Smith* v. *Dotterweich, supra,* 305.)

(See, also, *United States Nat. Bank* v. *Ewing*, 131 N. Y. 506; *Reynolds* v. *Robinson*, 110 id. 654; *Bookstaver* v. *Jayne*, 60 id. 146; *Benton* v. *Martin*, 52 id. 570; *Burke* v. *Dulaney*, 153 U. S. 228.)

The order and summary judgment appealed from should be reversed upon the law, with costs, the motion for summary judgment denied, and defendant Rubin's motion for leave to serve his proposed amended answer should be granted.

All concur.

Judgment and order reversed on the law, with costs. Motion for summary judgment denied, with ten dollars costs, and defendant Rubin's motion for leave to serve proposed amended answer granted.