Welles, J.
 

 It was well settled, at common law,'that in an-action for the breach of a contract, against two or more defendants, a verdict or judgment could not be given against one or more of them, without the others. (1 Chitty Pl., 34, 35, 4 Am. from 3 Lond. ed., and authorities therein cited.) The same doctrine has been uniformly held and acted upon by the courts
 
 *303
 
 of this State, previous to the enactment of the Code of Procedure. But I think this rule has been changed by the legislature.
 

 Subdivision 2, of section 136 of the Code, provides that where the action is against two or more defendants, and the summons is served on one or more, but not on all of them, if the action be against-defendants severally liable, the plaintiff may proceed against the defendants served, in the same manner as if they were the only defendants. The third subdivision of the same section declares, that if all the defendants have been served, judgment may be taken against any or either of them, severally, where the plaintiff would be entitled to judgment against such defendant, or defendants if the action had been against then!, or any of them, alone; and by section 274, judgment may be given for or against one or' more of several plaintiffs, and for or against one or more of several defendants.
 

 If the defendant, Story, was served with the summons, this-case would come precisely within the third subdivision of section 136. If he was not served, which I think we must intend, then I think it is also a case under the second subdivision of that section. The only objection to holding it a case under the second subdivision, arises out of the expression there used: “if the action be against defendants severally liable.” The expres • sion “severally liable,” when applied to a number of persons, usually implies that each one is liable alone. But when the whole of the section referred to is considered, I think it plain that the intention was to allow a plaintiff to proceed against the defendants served, provided théy were liable severally, or in distinction from such as were not served; that the word severally, in that connection, is to be understood as referring to all the defendants served, the same as if they were - one person. It cannot, I think, be fairly intended that a plaintiff was to be allowed a larger privilege, in a case where all the defendants were served and where he failed to establish a joint, liability against all, than in a case where the defendants, in respect to whom he failed to establish the liability, had not been served with process,
 

 
 *304
 
 In .the case under consideration, the plaintiff proved a joint liability against the defendants, Black and Wood, who were the only defendants appearing and defending, and failed in establishing any liability against the defendant, Story, who, it does not appear, was brought into court at all. I think, therefore, that the judgment was properly entered against the defendants, Black and Wood.
 

 The referee properly allowed the plaintiff interest' on the amount due at the end of each month of the plaintiff’s service, from the time it became due. The contract proved and found by the referee, was, that the plaintiff was to be paid monthly; at the expiration of each month the monthly allowance was due and payable, and not being paid, interest was allowable on the several amounts. (
 
 Still
 
 v.
 
 Hall,
 
 20 Wend., 51.)
 

 The referee’s report is dated July 25th, 1856. He finds due the plaintiff, on that day, $2,230.43, for which judgment was entered, together with $252.83, costs. The complaint is dated December 15,1854. It states that the defendants are indebted to the plaintiff for the work and services mentioned, in the sum of $1,506, and in the sum of $487.26 for interest thereon, and demands judgment for the said $1,506, and interest thereon from, the date of the complaint, and said sum of $487.26.
 

 The appellants complain that the judgment is for too large an amount, and make the following statement ;
 

 “ The sum demanded,..... .....................$1,506 00
 

 Interest from December 15, 1854, to date of report, July 25, 1856, is,..... 169 67
 

 And a further sum of____ ..................... 487 26
 

 $2,162 93
 

 Amount of report is,...... ..................... 2,230 43
 

 Error,.................. .................... $67 50”
 

 On appeal to the general term, the judgment was affirmed on the plaintiff remitting the sum of $32.03, as of the date of July 25th, 1856, The plaintiff thereupon remitted the last
 
 *305
 
 mentioned sum, and perfected judgment in his favor, as a judgment of the date of November 12th, 1856, for $2,450.52.
 

 It will be seen by a computation, that taking the amount claimed in the complaint, at $2,162.93, according to the defendant’s statement, and the costs before the appeal, $252.83; $2,415.76, with interest thereon, from the date of the judgment, to November 12th, 1856, $50.61, the amount of the judgment finally entered up, is about $10 less than the amount claimed, with the interest on that sum, and on the costs before the appeal, to November 12th, 1856. The defendants, therefore, have no just ground to complain of the amount.
 

 The objection is, not that the amount found due by the referee is unjust, or greater than the evidence warranted, but that it is more than the demand of judgment would warrant. For the foregoing reasons I think the judgment should be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.