WALTER S. PECK AND OTHERS, RESPONDENTS, v. MICHAEL RICHARDSON AND OTHERS, APPELLANTS.

*Service of summons — admission of, as of prior day — entry of judgment upon — before expiration of twenty days from actual service — not fraudulent.*

The mere fact that a defendant admits the service of the summons upon him as of a day prior to the day of its actual service, and that a judgment is entered before twenty days from the actual service of the summons have elapsed, does not render such judgment fraudulent as against the creditors of the defendant. *Trolan* v. *Fagan* (48 How., 240) not followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to set aside as fraudulent a judgment obtained by the defendants Richardson, Carpenter and Topping against the defendant Gilbert, on the ground that Gilbert had admitted service of the summons in the action in which the judgment was entered, as of a date prior to the day of actual service thereof.

*L. M. Conklin*, for the respondents.

*S. C. Keeler*, for the appellants.

*Per Curiam :*

There is no proof that the judgment of the defendants Richardson and others against Gilbert was fraudulent.

It was set aside solely on the ground, that Gilbert's admission of service of the summons, was given as of a date prior to the day of the actual service; and that twenty days had not elapsed after the actual service, before the entry of judgment. This was not a matter of which the plaintiffs could complain. It was not a fraud upon them. It is not unlawful (except where so made by the United States bankrupt law) for a debtor to pay one creditor before he pays another.

The twenty days are allowed for the purpose, not of delaying the creditor, but of giving the debtor time to make a defense if he has one. If he has none, it would be strange for the law to forbid him to allow a judgment to be taken sooner. The plaintiffs may insist that their debtor's property shall not be applied to any fraudulent debt. But they are not injured when it is applied to an honest debt by means of a judgment and an execution regular on the face.

We have examined the case of *Trolan* v. *Fagan* (48 How., 240), followed in the case of *Brown* v. *Marrigold* (50 id., 251), but we cannot agree with the views taken by the learned justice in that case. Even confessions of judgment, if they are made in good faith, may be amended when . they are imperfect, as against subsequent creditors. (*Mitchell* v. *Van Buren*, 27 N. Y., 300; *Ingram* v. *Robbins*, 33 id., 409.) Here the plaintiffs seek to go behind the record, which is regular, to find not fraud, but alleged irregularity of practice. We think they have no such right.

The judgment must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN,. JJ.

Judgment reversed and new trial granted, costs to abide event.