## MAHONEY v. PRENDERGAST.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

**1. PRESUMPTIONS ON APPEAL.**

In the absence of any statement in a case on appeal that it contains all the evidence given on the trial, or all the evidence bearing on the questions to be reviewed, the general term will assume that the proof before the trial judge was sufficient to sustain his findings of fact.

**2. RES ADJUDICATA.**

Judgment was recovered by plaintiff in an action for dower against her son and his wife, to whom he had conveyed the land; and the amount recovered was paid by the wife. *Held*, that a finding that the conveyance from the son to his wife was without consideration was not conclusive as against a devisee of the wife, as the husband and wife were in no sense adverse parties therein.

Appeal from special term, New York county.

Action by John P. Mahoney against Mary A. Prendergast, executrix and devisee of Anastasia B. Mahoney, deceased, to establish the title of plaintiff to certain real estate devised to defendant Prendergast by said Anastasia B. Mahoney. Plaintiff appeals from a judgment for defendants entered on trial by the court without a jury.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Samuel S. Thomas, (Charles Donohue,* of counsel,) for appellant. *Roe & Macklin, (John J. Macklin,* of counsel,) for respondent.

BARTLETT, J. This action is founded on an alleged agreement between the plaintiff, John F. Mahoney, and his wife, Anastasia B. Mahoney, now deceased. The plaintiff owned certain premises on Eighty-Sixth street, in the city of New York. In October, 1875, he conveyed them to Benjamin F. Hewes, and Benjamin F. Hewes and wife thereupon conveyed them to the plaintiff's wife. The plaintiff, in the third paragraph of his complaint, avers that these conveyances were made without consideration, and under the following circumstances: "That said plaintiff was then engaged in business in the city of New York as a liquor dealer, and that said business was distasteful to his wife, the said Anastasia B. Mahoney, with whom the plaintiff then resided, and that on account of the many risks incident to said business, and for the better protection of the plaintiff, and in order that the said Anastasia B. Mahoney might have a support secured to her for life out of the rents and income of said premises, the said plaintiff agreed to and with his wife, the said Anastasia B. Mahoney, and at her solicitation, to convey to her the premises above mentioned, upon condition that, in the event of the death of the said Anastasia B. Mahoney before this plaintiff, she should devise the said premises by will to the plaintiff." The learned judge at special term expressly declares in his tenth finding of fact that the plaintiff upon the trial of this action wholly failed to prove the alleged agreement between himself and Anastasia B. Mahoney, set forth as above in the third paragraph of the complaint. He further found that in 1865, when the plaintiff married, his wife was engaged as a public school teacher in the city of New York, and continued in that occupation up to the time of her death, in 1887, receiving during the greater portion of that period compensation at the rate of $1,000 a year; that before the premises were conveyed to her she had expended thereon large sums of money out of her own earnings to preserve the property, and pay charges upon it; that she had also advanced large sums of money to the plaintiff out of her own earnings, so that he owed her upwards of $5,000 at the time of the conveyances; and that the consideration for making such conveyances con-

sisted of the moneys which the wife had paid out upon the property and advanced to her husband, who had become insolvent, and who intended to vest her with an absolute estate in the premises, thus preferring her to his other creditors, and securing her against loss. Unless these findings of fact can be successfully attacked, the appeal must fail, and the judgment in favor of the defendant Mary A. Prendergast, the sister to whom Mrs. Mahoney devised the land in controversy, must be affirmed. In the absence of any statement in the appeal-book that it contains all the evidence given upon the trial, or all the evidence bearing upon the questions to be reviewed, the general term will assume that the proof before the trial judge was sufficient to sustain his findings of fact. *Porter* v. *Smith*, 35 Hun, 118, 107 N. Y. 531, 14 N. E. Rep. 446. The counsel for the respondents has called our attention to the omission of the appellant to procure the insertion of such a statement in the printed case before us, and we are not disposed to relax the rule which makes a certificate of this kind a prerequisite to any review of questions of fact in this court; and certainly, if the evidence suffices to support the findings we have mentioned, the correctness of the conclusion of law that the complaint should be dismissed cannot seriously be questioned. Indeed, upon such testimony as the appeal-book does contain, whether it be all that was taken upon the trial or not, we think the result reached by the court below was fully warranted. We agree with the learned trial judge that the plaintiff's letter to his wife, under date of September 12, 1881, clearly indicated his absolute relinquishment of all interest in the premises in suit. He would hardly have suggested a sale of the property if any agreement had existed by which the fee was to vest in him at his wife's death.

In behalf of the appellant, it is insisted that proper effect was not given at the special term to a judgment which was proved to have been rendered in an action for dower brought by this plaintiff's mother against himself and his wife after he had conveyed the property to the latter. The wife paid the amount recovered therein by her husband's mother. One of the findings in that case recites the conveyance of the premises through Benjamin F. Hewes to Anastasia B. Mahoney, and declares it to have been made without consideration, and for the sole purpose of vesting the apparent legal title in the last grantee. It is argued that this finding is conclusive evidence against Anastasia B. Mahoney's devisee; that there was no consideration for the transfer from the husband. The answer is that the present plaintiff and his wife were co-defendants in that action. They were in no sense adverse parties to one another. No issue between them arose, or was litigated therein, and hence no estoppel could arise against either in behalf of the other by reason of what was adjudicated in that suit as between them jointly, on the one hand, and a third party, on the other. The case is very different from *Parkhurst* v. *Berdell*, 110 N. Y. 380, 392, 18 N. E. Rep. 123, where there had been litigation between the two defendants as adverse parties. The judgment should be affirmed, with costs. All concur.