PELLY, Respondent, *v.* NAYLOR, Appellant, *et al.*

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

Appeal from circuit court, New York county.

Action by Herbert Cecil Pelly against Henry Naylor and others.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Edward S. Clinch,* for appellant.   *Birdseye, Cloyd & Bayliss,* (*Lucien Birdseye,* of counsel,) for respondent.

DANIELS, J.   The verdict in this case was recovered upon a promissory note made by the defendant for the sum of $553 on the 23d of August, 1889. The note was payable to the order of the maker, and indorsed by him, payable to the order of Thomas Griffiths, who afterwards indorsed the same to the plaintiff. The note originated in the same transaction as the note on which the judgment was recovered by the same plaintiff against William M. Onderdonk. The defendant was one of the associates who formed the corporation which purchased the inventions or compounds of Griffiths by issuing to him the whole amount of its capital stock, and also by delivering him the note of the company for $18,500. The defendant purchased of Griffiths 84 shares of the stock of the company, paying for them in part in cash, and the residue by his three promissory notes, two of which have already been paid, and the other is the note in suit in this action. The same representations were set forth in the answer as a defense to this note as are contained in the answer in the other action, and the same offer was made to surrender the shares for which it was given. And the deposition of the plaintiff was read in evidence as a part of his case, stating that he had purchased this note on the 20th of March, 1890, and had given value for it in good faith. This allegation was reiterated in the deposition several times, but the particular value which was parted with, or the amount of it, was not stated; and no other evidence was given upon the trial to prove that the plaintiff had become the holder of this note in good faith for a valuable consideration. After the plaintiff rested, the defendant offered proof of the representations relied upon as a defense, which, if it had been admitted, would probably have established the fact that the note had been obtained from the defendant by means of

fraudulent representations. The court, however, excluded all the offers of evidence designed to establish this fact, and to the decisions made in that manner the defendant excepted. It has already been shown, in the case of the same plaintiff against Onderdonk, (15 N. Y. Supp. 915,) that the evidence to prove that the plaintiff became the holder of this note in good faith and for value was not so conclusive against the defendant as to deprive the latter of the right of submitting that question to the decision of the jury; and, being in that position, he was entitled to prove that the note had been obtained from him by means of fraudulent representations on the part of Griffiths; and, if that proof had been received, the jury might have discredited the testimony of the plaintiff that he had received the note in good faith and for value, and found a verdict in favor of the defendant, for the reason that, as a party and interested witness, his testimony was not sufficient to conclude the defendant from denying its truth upon a submission of the case for the decision of the jury. For these reasons, and those already assigned in the other case, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.