(81 Hun, 87.)

### SMITH v. WESTON et al.

### FIRST NAT. BANK OF FRIENDSHIP v. SAME.

(Supreme Court, General Term, Fifth Department. October 17, 1894.)

1. JUDGMENT—OPENING DEFAULT.

In an action on a note indorsed in the name of a firm composed of defendants, defendant A. answered that the note was made by W. after dissolution of the firm, and without the knowledge or consent of the answering defendant, and that it was not made in the business of the firm. The other defendants, O. and W., did not appear, and judgment was rendered against them by default. Held, that the default would be opened as to O. on the ground that he was assured by W. that part of the note was already paid, and that the rest would be paid before judgment could be rendered, on which assurance he relied.

2. SAME—ESTOPPEL.

Defendant is not estopped to ask to have default opened, and leave to set up meritorious defense, unless plaintiff has been prejudiced by the loss of some substantial advantage which he would have had if defense had been interposed at the proper time.

Appeal from special term, Erie county.

Actions by William H. Smith against Orren Weston, impleaded with others, and by the First National Bank of Friendship against

the same defendants. From an order in each case denying a motion to set aside a judgment taken by default, and for leave to answer, defendant Orren Weston appeals. Reversed.

Argued before DWIGHT, P. J., and LEWIS, HAIGHT, and BRADLEY, JJ.

J. H. Waring, for appellant.

C. S. Carey, for respondent.

DWIGHT, P. J. The action was to charge the defendants William W. Weston, Orren Weston, and Abijah Weston, as indorsers of a promissory note of $2,000, made by the firm of George Van Campen & Sons, payable to the order of J. K. Van Campen, and bearing, besides the indorsement of the payee, an indorsement in the firm name of "Weston Brothers." The complaint alleged that the firm so named was a copartnership consisting of the three defendants; that they indorsed the note in their firm name, and that it was afterwards, and before maturity, duly transferred to the plaintiff, for value. All the defendants were personally served in the action about the 1st of February, 1893. The defendant Abijah alone answered the complaint. He denied that the indorsement in question was made by or for the firm of Weston Bros., but alleged that it was made by the defendant William W. after the dissolution of the firm, and without the knowledge or consent of the defendant answering; that it was not made in the business of the firm, but solely for the accommodation of the makers of the note; and that the plaintiff took the note with notice of all those facts. On the trial of the issues thus joined the facts above stated were proved without contradiction, and a verdict was directed for the defendant Abijah, and judgment was entered dismissing the complaint as to him. Immediately after the entry of that judgment the plaintiff caused judgment for the amount of the note to be entered as by default against the defendant William W. Weston and this appellant, and it is from the denial of the motion of the latter to open the default as to him that this appeal was taken.

The papers on this appeal show the same defense existing in favor of this appellant as that which has been established in favor of the defendant Abijah. That defense is ample, and highly meritorious. The indorsement by William was a fraud on the other defendants, and knowledge that it was made outside the business of the firm, and after its dissolution, charged the plaintiff with notice of the want of authority to make it, and with complicity in the fraud involved. Gansevoort v. Williams, 14 Wend. 138. In such a case the law will not lend its aid to the enforcement of the claim, even as punishment for neglect to answer, if such neglect can be reasonably excused consistently with good faith on the part of the defendant. The statute expressly provides for opening defaults which are suffered through excusable neglect. Code Civ. Proc. § 724. The excuse of the defendant here for not answering was that he was assured by his brother William that part of the note was paid already, and that the rest would be paid before judgment could be taken against him, and that he relied implicitly

upon such assurance. We have no doubt that this excuse would have been deemed by the court at special term sufficient to justify the granting of the motion, but for a contention which seems to have been made on the part of the plaintiff, to the effect that the defendant is precluded by something in the nature of an estoppel from now making a defense in the action. The contention is based upon the alleged fact that at the time the default was suffered by the two defendants, the defendant William, whose liability is unquestioned, was responsible, and that, if a judgment had been taken against him at that time, it could have been collected; but that, relying upon the judgment to result from the default of the defendant Orren, the plaintiff omitted to apply for the judgment which might have been obtained against William, and that since that time the latter has become irresponsible, and that the judgment now obtained against him is of no avail. The most obvious answer to this contention is that the plaintiff could not have judgment against either of the joint defendants in default until the issues joined by the answer of the other joint defendant or defendants should be disposed of. It is only when the liability of the defendants is several, or the contract, though in form joint, is shown to bind only one—or less than all—of the parties sought to be charged, that judgment may be taken against those of the defendants who are in default, and the action be severed, and proceed against those who have answered. Code Civ. Proc. § 456; Brumskill v. James, 11 N. Y. 294; Pruyn v. Black, 21 N. Y. 300. This rule is perfectly well understood, and is not questioned by counsel for the plaintiff. But he urges that the issues in this action could have been disposed of, if Orren had answered with Abijah, without the necessity of a trial, viz. by the plaintiff's going into court and admitting the truth of the answer interposed, and consenting to judgment dismissing his complaint as to the defendants answering; and that thereupon he would have been entitled to enter judgment in his own favor against the defendant William. The proposition is a novel one, there being, so far as we know, no precedent for such a confession of judgment by the plaintiff in an action, for any purpose; but we are not disposed to argue that it might not be done, or that the court might not thereupon give leave to enter judgment against the defendant in default. But the trouble with the plaintiff's contention is that there is no evidence or reason to suppose that this course would have been pursued by the plaintiff, and the probabilities are to the contrary. The plaintiff has never admitted the truth of the defense in question, but, on the contrary, has contested it with the defendant Abijah, and put him to the proof of it before a jury, and has entered a judgment against this appellant which ignores the existence of any such defense. The mere possibility of his admitting the truth of that defense, involving as it did his own complicity in the attempt of William to defraud his brothers by the unlawful use of the late firm name, with the effect of releasing two perfectly responsible defendants in order that he might obtain a judgment against a defendant of at least very doubtful responsibility, was too remote and contingent to form the basis of an estoppel against

this defendant. Before the defendant can be held to be estopped from now setting up his meritorious defense against the unjust demand of the plaintiff, it should appear that the plaintiff has been prejudiced by the loss of some substantial advantage which would have been his had that defense been interposed within the time prescribed by law. But there is the further answer to the plaintiff's contention arising from the proofs bearing upon the question of William's responsibility at the time when this default occurred. We think the balance of proof is distinctly opposed to the theory that property of the defendant William would have been found out of which to satisfy an execution issued on any judgment which might have been obtained against him after the expiration of the time of the appellant to answer herein. We think the default of the appellant was reasonably excused, and that no injustice is liable to be done by opening that default, and permitting the appellant to answer as proposed, unless it may be by a possible augmentation of costs against the plaintiff, which may be provided against by the order here. If the defendant Orren had joined in the answer of his brother Abijah, or had answered separately to the same effect in time, there would have been but one trial of the issues joined by both. Now, if the plaintiff still contests the defense, a second trial is necessitated. The order opening the default should therefore provide that, in case of a recovery by the defendant, his judgment shall be without costs of the action, after notice of trial; and, further, that if the defendant elect to discontinue the action he may do so without payment of costs. All concur.

Order appealed from in each case reversed, and the motion in each case granted, without costs of this appeal to either party, on condition that in case of recovery by the defendant his judgment shall be without costs of the action after notice of trial; also that if the plaintiff elect, within 20 days, to discontinue as to the appellant, he may do so without the payment of costs.