KARON et al. v. EISEN et al.

(Supreme Court, Appellate Term. February, 1911.)

1. JUDGMENT (§ 98*)—DEFAULT JUDGMENT—JOINT LIABILITY.

Under Code Civ. Proc. §§ 456, 1205, it is only where the liability is several that judgment can be taken against a defendant by default, where some of the defendants have answered; and, where the liability was joint, plaintiff could not take judgment against one joint defendant by default until the issues raised by the other joint defendants were disposed of.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 156–158; Dec. Dig. § 98.*]

2. JUDGMENT (§ 141*)—DEFAULT—VACATION.

Where a judgment not authorized by law is entered by default, a party affected may move to vacate it, and need not first move to open the default.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 141.*]

Appeal from City Court of New York, Special Term.

Action by Wolfe Karon and others against Max Eisen and others. From an order denying a motion to vacate a judgment against him, defendant Samuel Wiesenfeld appeals. Reversed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Joseph Gans (M. Spencer Bevins, of counsel), for appellant.
I. Gainsburg, for respondents.

PAGE, J. The complaint in this action alleges, so far as material to this appeal, that Eisen and Einhorn made their promissory note payable to the plaintiffs for the sum of $803.25; that thereafter, and before delivery thereof to the plaintiffs, and in order to lend credit to said note, and to induce the plaintiffs to accept the same, for a valuable consideration, the firm of B. Wiesenfeld & Co., composed of the defendant Benjamin Wiesenfeld, Samuel Wiesenfeld, and Max Spalter, duly indorsed said note, and the same was, with the indorsement thereon, duly delivered to the plaintiffs, for value received, and the plaintiffs thereby became the lawful owners and holders thereof, for value, and in due course. Due presentation, demand at maturity, nonpayment, and notice thereof were also duly alleged. Benjamin Wiesenfeld and Max Spalter answered. Samuel Wiesenfeld did not answer. Thereupon a judgment for the full amount demanded in the complaint was entered against him. Motion was made to vacate the judgment, and was denied.

The liability of the members of the firm of B. Wiesenfeld & Co. was a joint liability, and the plaintiffs could not take judgment against one joint defendant until the issues raised by the other joint defendants had been disposed of. Smith v. Weston, 81 Hun, 87, 89, 30 N. Y. Supp. 649. It is only where the liability is several that judgment can be taken against a defendant upon his default, in a case where some of the defendants have answered, and then the action must be severed. Code Civ. Proc. §§ 456, 1205. In this case the action has not been and could not be severed. Therefore, if plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was successful on the trial of the issues raised, a judgment would be entered against all of the defendants named, who are jointly indebted, and the appellant would have two judgments against him on the same cause of action, and in the same action. The clerk had no power or authority to enter the judgment. Therefore it should have been vacated.

The learned justice below held that the defendant's remedy was to move to open the default; but that presupposes that the judgment was regularly entered, and that the defendant was moving to be relieved from his mistake, inadvertence, or excusable neglect. Where a judgment is entered that is not authorized by law, the party affected may move to vacate it.

The defendant Samuel Wiesenfeld claims that he was not served with a summons in the action. We have not considered this contention, but have treated the matter as it appears upon the face of the papers. A motion for the appropriate relief can be made by the defendant, and he should not be further embarrassed by an unauthorized judgment against him.

The order should therefore be reversed, with $10 costs and disbursements of the appeal, and the motion granted, with $10 costs. All concur.