GEORGE B. HEWLETT, Appellant, v. EUGENE VAN VOORHIS
and CHARLES VAN VOORHIS, as Executors, etc., of JOHN
VAN VOORHIS, Deceased, Respondents, Impleaded with
CYRIL J. CURRAN and Others, Defendants.

First Department, April 8, 1921.

Judgments — action on judgment — original judgment in action
against several alleged partners — vacating judgment as to one
defendant and dismissal of complaint for failure to prosecute
does not affect judgment as to others — court had jurisdiction to
make order opening default — notice not required as to further
proceedings — decree of surrogate dismissing application for
order to compel executors of judgment debtor to pay not bar to
action.

In an action on a judgment it appeared that the original action was brought
against several individuals as copartners; that the defendants answered,
one of them interposing the defense that he was not a partner; that all
the defendants defaulted on the trial and the judgment was entered
after a trial; that subsequently the defendant who claimed he was not
a partner moved to have his default opened, which motion was opposed
by the other defendants; that said default was opened on condition that
the judgment stand as security and that several years thereafter on
motion of said defendant the complaint was dismissed as to him for failure
to prosecute.

Held, that the opening of the default as to the one defendant did not open
it as to the others, and the subsequent dismissal of the complaint as to
him, which in effect vacated the judgment as to him, did not vacate the
judgment as to the other defendants.

The court had jurisdiction to make the order opening the default in the form
in which it was made, and it was not incumbent on the plaintiffs or the
said defendant in the original action to give notice to the other defendants
of the further steps in the action by which the complaint was dismissed.

The decree of the surrogate dismissing an application on the part of the
plaintiff for an order requiring the executors of one of the defendants,
a judgment debtor, to pay the judgment was not an adjudication exoner-
ating them from liability, since it was expressly made without prejudice
to an action on the judgment.

SMITH, J., dissents on opinion at Trial Term.

APPEAL by the plaintiff, George B. Hewlett, from a judg-
ment of the Supreme Court in favor of the defendants, entered

in the office of the clerk of the county of New York on the 22d day of November, 1916, on the decision of the court rendered after a trial at the New York Trial Term without a jury dismissing the complaint on the merits.

*Charles H. Stoddard,* for the appellant.

*John Ewen* of counsel [*Ward V. Tolbert* with him on the brief; *John Van Voorhis' Sons,* attorneys], for the respondents.

LAUGHLIN, J.:

In an action brought by the members of the firm of Reed, Hall & Hewlett, of which the plaintiff was a member, against John Van Voorhis, Richard Curran, Joseph C. Tone and Bernard W. Tone in the Supreme Court, New York county, a judgment was duly entered in favor of the plaintiffs on the 12th day of October, 1894. On the 1st day of May, 1902, the judgment was duly assigned to the plaintiff herein, and on the 9th day of October, 1914, this action was brought to recover over on the judgment to preserve it against the statutory presumption of payment after the lapse of the twenty years prescribed in section 376 of the Code of Civil Procedure. In the original action the defendants Van Voorhis, Curran and Joseph C. Tone appeared by the defendant Van Voorhis, who was an attorney, and answered putting in issue all of the allegations of the complaint, and alleging for a separate defense that one Shannon was a proper and necessary party. The defendant Bernard W. Tone appeared separately by another attorney and answered putting in issue all the allegations of the complaint and alleging that he was not and never had been a copartner with the defendants or any of them jointly or severally in regard to the matters set forth in the complaint or any other transaction or business. All the defendants defaulted on the trial. The issues were tried in Trial Term, Part III, on the 11th day of October, 1894, before the court without a jury. The court found that from the 24th day of October, 1890, until the 15th day of July, 1892, the defendants were copartners engaged in transacting business at the city of Rochester under the firm name and style of Rochester Lubricating and Illuminating Oil Company,

and that during that period the plaintiffs at the special instance and request of the defendants sold to them goods, wares and merchandise, invoices of which were duly rendered to the amount and value of $759.40, for which the defendants agreed to pay said amount in cash, and that there remained due and owing therefor a balance of $378.73, for which with interest and costs the plaintiffs were entitled to judgment. On the 12th day of October, 1894, judgment was duly entered on the decision in favor of the plaintiffs and against the defendants for the sum of $623.71. It appears that Van Voorhis, who represented three of the defendants, and the other defendant were in court when the issues were tried, but took no part in the trial.

This action was brought against the personal representatives of Van Voorhis and Joseph C. Tone, both of whom had died, and the other two defendants, one of whom, Richard Curran, has died since and his personal representatives have been substituted. The judgment from which this appeal is taken dismisses the complaint as to all of the defendants. Curran obtained a discharge in bankruptcy, and Joseph C. Tone left no assets and Bernard W. Tone had his default in the original action opened and thereafter obtained a dismissal of the complaint for neglect to prosecute; and with respect to those three the plaintiff acquiesces in the dismissal, but he contests the dismissal as against the personal representatives of Van Voorhis.

The complaint was dismissed on the ground that the judgment was void on account of the subsequent dismissal of the complaint as against Bernard W. Tone. Bernard W. Tone on an affidavit made by his attorney verified on the 18th of October, 1894, to the effect that he had a good and valid defense on the merits, obtained an order to show cause why his default should not be opened, and the judgment should not be vacated as to him, and why he should not be allowed to defend. It does not appear whether the order to show cause was addressed to or served upon the other defendants, but that they had notice thereof is evidenced by the fact that an affidavit made by their attorney and another made by Curran to the effect that all of the defendants in the action were partners, and that the defense of these deponents

and of Joseph C. Tone was that the goods were sold to the defendants and Shannon jointly, and that there had never been any question that the defendant Bernard W. Tone was a member of the copartnership during the whole period of the existence of the firm, were read in opposition to the motion. The motion was granted by an order made at the Special Term on the 9th of April, 1895, and the order provides as follows: " Ordered, That the said motion be and the same hereby is granted and that the said default be opened upon payment by the said defendant of fifteen ($15) dollars costs herein; the judgment aforesaid to stand as security, pending the determination of this action." Bernard W. Tone on his own affidavit verified the 2d of August, 1909, showing that when the default was taken his attorney was absent from the city and that after the default, which he states was allowed to stand as to the other defendants but was opened as to him, the case was placed upon the calendar in 1894, but had not been brought to trial, and that his attorney and principal witness had died and he had lost all papers relating to the case, and praying for a dismissal of the complaint, with costs, on the ground of unreasonable neglect to proceed against him, gave notice of a motion, addressed to the attorney for the plaintiff only, returnable on August 12, 1909, for that relief. An affidavit made by the managing clerk of the plaintiff's attorney showing that the plaintiffs had no witnesses to testify that Bernard W. Tone was a member of the firm and that their understanding was that he was not connected with the firm, appears to have been read in opposition to the motion. The court granted the motion and the order was entered that day. It does not appear that the other defendants had notice of that motion.

There was no further step or proceeding in the original action or with respect to the judgment based upon the order dismissing the complaint as against Bernard W. Tone. No execution was ever issued on the judgment. After the death of Van Voorhis and the issuance of letters testamentary to his executors on the 27th of November, 1905, the judgment creditors, notwithstanding the fact that it was shown on this trial that the plaintiff was then the sole owner of the judgment, in March, 1906, filed a claim with his executors for the

amount of the judgment and interest. They rejected the claim, and on the 23d of October, 1907, he procured a citation from the Surrogate's Court of Monroe county, where the will was probated, requiring the executors to show cause why they should not pay the judgment; and on the 13th of February, 1908, the surrogate made a decree dismissing the proceeding " without prejudice to an action or accounting in behalf of the petitioners." It will be observed that the judgment has not been formally canceled as against Bernard W. Tone, but it is quite plain that on the order dismissing the complaint as to him he would be entitled to an order striking his name from the decision and judgment.

The argument of counsel for the respondents, as I understand it, is that when the judgment was opened as to one of the defendants, although it was allowed to stand as security, it was, in effect, opened as to all, and that when the complaint was dismissed as to one, which in effect vacated the judgment as to him, it must be deemed to have been vacated as to all. He cites in support of this contention *Holbrook* v. *Murray* (5 Wend. 161); *Richards* v. *Walton* (12 Johns. 434); *Farrell* v. *Calkins* (10 Barb. 348), and *Bamberg* v. *International Railway Co.* (121 App. Div. 1), which state the general rule formerly prevailing that an entire judgment against several defendants, whether in an action in tort or upon contract, cannot be reversed as to one and affirmed as to others, and if reversed as to one, must be reversed as to all. That general rule has since been declared in *Altman* v. *Hofeller* (152 N. Y. 498), wherein exceptions thereto are stated and the rule is confined to cases where a new trial of issues affecting all the parties is granted, and when all are interested in any judgment that may be rendered, and in those cases the rule is applied to the end that there may not be conflicting judgments in the same action. The Court of Appeals had occasion to consider the point again in *City of Buffalo* v. *D., L. & W. R. R. Co.* (176 N. Y. 308), and there stated the rule to be that " where a judgment consists of distinct parts so separate and independent in form and nature as to be easily severed, and each is, in fact, a distinct adjudication," on appeal an adjudication not affected by error may be affirmed and an adjudication affected by error may be

reversed and a new trial granted as to that portion of the issues only, and that the rule to be applied " depends upon the form and nature of the judgment rendered rather than upon the forum of the action;" and that the provisions of section 1317 of the Code of Civil Procedure so contemplate. The opinion in that case plainly shows that the purpose of the rule is to avoid inconsistent judgments and that it is applicable alike to suits in equity and actions at law. It is stated in the opinion, however, that where the facts with respect to an independent cause of action or distinct adjudication are found by special verdict or separate findings by the court or referee and judgment is entered in accordance therewith, a retrial of all the issues is not required for an error affecting one adjudication only, but that if the judgment be entire, it cannot " without confusion and danger " be so severed on the decision on appeal as to grant a new trial of part of the issues only.

The cases cited by the respondents are all actions in tort, and the rule therein stated in so far as it relates to cases involving a several liability has been repudiated, and it is now well settled that in such cases there may be an affirmance as to one and a reversal as to another, in which case the cause is deemed severed. (*Draper* v. *Interborough Rapid Transit Co., No. 2,* 124 App. Div. 357; *Schuller* v. *Robinson,* 139 id. 97; *Sayre* v. *Progressive Construction & Leasing Co.,* 159 id. 799; *Piper* v. *New York State Railways,* 185 id. 184, 188; *Moshier* v. *City of New York,* 190 id. 111.)

I am of opinion that those decisions relating to the power of the court with respect to affirming or reversing an entire judgment on a point which should necessarily affect all the parties alike, are not in point. We are not considering the effect of the affirmance or reversal of a judgment. Although the defendants were charged with a joint liability, it was not incumbent upon the plaintiffs, at the risk, as at common law, of having their complaint dismissed, to establish a case against all of the defendants. (Code Civ. Proc. §§ 1204, 1205; *Pruyn* v. *Black,* 21 N. Y. 300; *Sternberger* v. *Bernheimer,* 121 id. 194.) If three of the defendants made default and the plaintiff was unable to show on the trial of an issue joined by the other that he was a partner, judgment might then

be taken or entered against those who were in default; but, of course, in an action predicated on a joint liability only one judgment could be entered, and, therefore, it could not be entered until the issues were disposed of as to all. (*Orr* v. *McEwen*, 16 Hun, 625; *Smith* v. *Weston*, 81 id. 87; *Karon* v. *Eisen*, 128 N. Y. Supp. 137; *Brandagee* v. *Cleary*, 152 id. 628; Code Civ. Proc. § 1932.) Here the judgment was regularly entered against all of the defendants and the default of one of them only was opened, and the order opening it in no manner affected the judgment against the other three. They had notice of the motion to open the default and opposed it. If they claimed that the order affected their rights and was not in proper form, they should have applied to have the judgment opened as to them also or have appealed from the order, and if they desired notice of further proceedings as between the plaintiffs and the defendant with respect to whom the default was opened, they should have had a provision incorporated in the order requiring that such notice be given to them. If they had evidence that Bernard W. Tone was a partner, they should have presented it more fully in opposition to the motion to open the default, and, after the default was opened, since they saw fit to acquiesce therein they could have requested that the issues as to their codefendant be tried and have offered to furnish to the plaintiff the necessary evidence to establish the partnership and thus have insured the preservation of the judgment as entered. They were claiming no relief as against Bernard W. Tone and did not ask for any determination of rights as between them and their codefendant, as they might have done, knowing that he disclaimed liability as a partner (Code Civ. Proc. § 521; *Post* v. *Thomas*, 180 App. Div. 627, 633), and they had no defense to the claim of the plaintiffs. If the issues as between the plaintiffs and Tone had been subsequently tried and decided adversely to him, the judgment would have stood as entered; and if in his favor, it would have stood, in effect, as modified with his name eliminated, and would not, I think, have been deemed canceled as to the other defendants, for otherwise the plaintiffs would but have to go through the useless ceremony of entering the judgment over again against all or the three other defendants as if no judgment had been

entered.   To require the plaintiffs in that event to enter the judgment anew would be construing the order as opening the default and judgment as to all of the defendants which plainly it did not do.   I see no reason why the plaintiffs, in an action in which judgment has been regularly entered against several defendants and opened as to one only and the complaint thereafter dismissed as to him, stand in a different position with respect to the defendants as against whom the judgment has not been opened than they would with respect to such a dismissal as to one before the entry of any judgment, and in such circumstances if judgment had not been entered it is perfectly clear that the plaintiffs would have been entitled to enter judgment against the defendants with respect to whom the complaint had not been dismissed. (*Pruyn* v. *Black, supra; Sternberger* v. *Bernheimer, supra.*)   The court had *jurisdiction* to make the order opening the default in the form that it was made; and as I view the case, on the assumption that the order was valid, only a question of *practice* is presented, namely, as to whether it was incumbent either on the plaintiffs or on the defendant as to whom the default was opened to give notice to the other defendants of the further steps in the action, or whether it was incumbent on such defendants, if interested in the disposition of the action as to their codefendant, to demand or obtain the right to notice of the subsequent proceedings, or to ask or to apply to have their default opened also.   I know of no rule or practice requiring service of notice of trial or notice of motion by either the plaintiffs or the defendant, as to whom the default was opened, upon the defendants who were in default or against whom the judgment had already been entered, where, as here, no defendant by answer served on a codefendant has required a determination of the ultimate rights as between him and a codefendant.   By, in effect, abandoning interest in the further proceedings in the action as against their codefendant after the default was opened as to him, the defendants as to whom the judgment and default were not opened took the risk of having the issues as between the plaintiffs and their codefendant disposed of *in any manner authorized by law* and by the practice of the court, which included a dismissal for failure to prosecute.   Whether the

issue was decided in favor of their codefendant on the merits or determined in his favor by dismissal for failure to prosecute, the adjudication would not be an adjudication as between them and their codefendant that the alleged partnership did not exist (*Post* v. *Thomas*, 180 App. Div. 627, 633; *Ostrander* v. *Hart*, 130 N. Y. 406, 412; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 id. 1, 19; *Denike* v. *Denike*, 44 App. Div. 621; affd., 167 N. Y. 585; *Mahoney* v. *Prendergast*, 58 Hun, 611; 12 N. Y. Supp. 869; Black Judgm. § 599); and on paying the judgment they would still have a right to contribution from their codefendant on establishing that it was a copartnership liability. The only substantial difference between their position if all had been adjudged liable as copartners in the former action and their position with their codefendant relieved from liability to the plaintiffs therein, is that in the former case the judgment would be an adjudication with respect to the liability of their codefendant for contribution, whereas, with the complaint dismissed as to him it is incumbent on them to establish such liability as against him; but in either event satisfaction of the original judgment could be enforced against copartnership assets and such assets would have to be resorted to first for the satisfaction of the judgment before the individual property of any copartner could be levied upon (See Code Civ. Proc. § 1935), and in the event only of one copartner being obliged to pay more than his share of the judgment would he be entitled to contribution against a copartner.

Counsel for the respondents finally insists that the decree of the Surrogate's Court of Monroe county dismissing the application for an order requiring the respondents to pay the judgment was an adjudication exonerating them from liability. Manifestly it was not, and was not so intended, for it was expressly made without prejudice to such an action as this.

For these reasons I think the learned trial court erred in dismissing the complaint as against the respondents. It follows that the findings and conclusions inconsistent with these views, to be specified in the order, should be reversed and appropriate findings and conclusions of law in accordance herewith made, and that the judgment should be reversed

with costs to the appellant, and judgment entered in favor of the appellant, with costs.

CLARKE, P. J., DOWLING and PAGE, JJ., concur.

SMITH, J. (dissenting):
I dissent upon the opinion of Mr. Justice LEHMAN at Trial Term.

Judgment reversed, with costs, and judgment ordered in favor of plaintiff, with costs. Settle order on notice.